Steen v. Clayton.

---

JAMES STEEN

*v.*

CATHARINE CLAYTON and others.

A mortgage on his share of certain lands had been given by one of two tenants in common. Under partition proceedings, and at the master's sale, notice of its existence was given to the master and to the assembly, whereupon the master directed the auctioneer to sell the property "subject to all legal and prior encumbrances." The premises were bought by the co-tenant, at their full value, and with the understanding, on her part, that the mortgage was to be paid out of her co-tenant's share of the purchase-money.—*Held*, that the master's notice was unnecessary, since the decree ordered the premises to be

Steen *v.* Clayton.

sold, without mentioning any encumbrances, and the sale was to be made clear of encumbrances, and that the sale would be confirmed and the mortgage paid out of the half of the proceeds representing the share on which it is a lien.

Bill for partition. On petition for relief in reference to bid at the master's sale of the property

*Mr. H. G. Clayton,* for the petitioner.

*Mr. J. Steen, in pro. pers.*

THE CHANCELLOR.

The premises sold under the decree in partition in this suit were owned in equal shares by the complainant and Mrs. Deborah Wolcott. The complainant's share was formerly owned by Cyrenus J. Clayton, whose interest the complainant acquired through a sale under an execution at law. It was subject to a mortgage of $400, given thereon by Clayton while he was owner of it. At the sale by the master, under the decree in this cause, notice was given to the master and all the persons assembled, of the existence of that mortgage. The master thereupon directed the auctioneer to sell the property "subject to all legal and prior encumbrances," and the announcement was made, and the property sold accordingly. Mrs. Wolcott was the purchaser, at the price of $1,207.50. A difference has arisen between the parties as to the effect of the bid, the question being, whether the property was purchased subject to the mortgage. The complainant insists that it was, and Mrs. Wolcott, on the other hand, insists that the mortgage is to be paid out of the complainant's share of the proceeds of the sale, at the price of $1,207.50.

Mrs. Wolcott petitions for relief, and prays that, if the construction insisted upon by the complainant be held to be the correct one, she may be relieved from her bid and the property resold. She was not present in person at the sale. Her attorney bid for her. Her husband was there, and her

Steen *v.* Clayton.

attorney consulted with him during the bidding in reference to it.    Her attorney signed the acknowledgment of purchase. He swears that he understood, when he bid on the property, that the mortgage was to be paid out of the complainant's share of the purchase-money.    Mr. Wolcott swears that that was his understanding of the matter, also, and that, had he supposed that the purchaser was to assume the payment of the mortgage on the complainant's share, he would not have given so much for the property.

It appears that the price at which the property was struck off is its full value, clear of the mortgage.    The notice given at the sale of the existence of the mortgage was wholly unnecessary.    The announcement of the master, through the auctioneer, that the property was sold subject to all prior legal encumbrances, should not have been made.    Its effect is seen in the misunderstanding which brings this matter before the court.    The holder of the mortgage was not a party to the suit, and he was not bound by the proceedings in it.    His claim was to be disposed of after the sale.    The effect of the announcement that the property was sold subject to unmentioned encumbrances—all prior legal encumbrances—was to deter bidders who were unacquainted with the state of the title.

To sell expressly subject to the mortgage, was to sell subject to the payment of the whole amount of a mortgage the validity of which is, and then was, disputed.    The injustice of such a proceeding is manifest.    The decree directed that the property be sold.    It did not direct that it be sold subject to any encumbrance whatever, and it should have been sold without any announcement that it was to be sold subject to encumbrance.    It would, in fact, have been sold subject to the mortgage without any notification on the subject, and the court would have found means to protect the purchaser against the mortgage.    The amount of the complainant's share of the price is sufficient to enable it to do so without difficulty.    Whether the mortgage is valid or not, is a question which does not concern Mrs. Wolcott; it

concerns the complainant. She should not be subjected to the injury which would be occasioned by the sale of the property as being subject to a mortgage on the whole of it. There was none on her share. The existence of a mortgage on the complainant's share will not be permitted to work an injury to her.

The price at which the property was struck off appears, as before stated, to be adequate. The complainant is unwilling to take the property at the bid as he understood it ($1,207.50), subject to the mortgage. There does not seem to be any reason for ordering a resale. Mrs. Wolcott's bid will be construed to have been as it was understood by her agent and her husband to be, $1,207.50 for the property, clear of the mortgage. Of course, opportunity will be afforded to the complainant to dispute and litigate the validity of the mortgage and the claim of the holder as to the amount due on it, if valid; but the litigation will be confined to the complainant's share of the proceeds of the sale.

There will be no costs of this application to either side.