HENRY E. REYNOLDS et al.

*v.*

ROBERT F. STOCKTON, receiver of the New Jersey Mutual Life Insurance Company.

1. A decree in New York which adjudicates a matter not presented by the pleadings nor within the issue can have no higher effect than a judgment rendered in our own courts under like conditions. Under the authority of *Munday* v. *Vail, 5 Vr. 418*, it must be treated as a nullity.

2. The receiver of an insolvent corporation appointed in this state to administer the assets here has no power to transfer to a foreign jurisdiction any question touching the distribution of such assets. He cannot deprive the court which appointed him of its authority over him and over the fund which he holds as its officer.

3. A judgment obtained in New York, in the absence of any one representing the assets, cannot bind their administration here, whatever force it might have with respect to assets which may be found there.

On appeal from a decree advised by Advisory Master Williams, who filed the following memorandum:

Assuming, as I think we are bound to do, that the views set forth in *Munday* v. *Vail, 5 Vr. 418*, as to the necessity of proper allegations in the pleadings to justify judicial action are applicable to this case, and accepting the proposition of Mr. Moses in his argument for the appellants, that we may take the second, fifteenth, sixteenth, seventeenth, eighteenth and twentieth para-

graphs of the complaint in the New York suit as constituting its material part for the present purpose, I am unable to find therein such allegations as would put the receiver of the New Jersey Mutual Life Insurance Company on his defence in respect to the whole account and controversy between that company and the Hope Life Insurance Company, or any allegations referring at all to it. Nor does the receiver's answer make such an issue,. or appear to contemplate it.

The whole scope of that suit was to ascertain who were enti-- tled to the fund in charge of the New York insurance department,. and to distribute it. When it was found, on the issues made, that the New Jersey Mutual Life Insurance Company was not entitled to it, because their agreement with the Hope company was unavailing against the Hope company's creditors, and the New Jersey company stood bound by all the rights of those creditors against that fund, and when that fund was accordingly distributed among those creditors, the object of the suit, as defined by the pleadings, was accomplished.

I find no such consent to any further proceedings as would show an intention to be bound by them; nor if there had been,. does it seem that such consent would have been effectual in such a matter, or permitted to control this court in its duty of collect-- ing and distributing the assets of the New Jersey company according to law.

But it also appears that the receiver, who was a party to the suit and answered, went out of office before the judgment now set up was obtained. It seems clear that a judgment obtained in the absence of any one representing the fund cannot bind its administration here. Nor can it be admitted that the presence of the New Jersey company in that proceeding would have the effect to make it conclusive here after this court has declared that company insolvent and undertaken to administer its affairs by a receiver, whatever force such proceeding might have in respect to assets found in New York.

In my opinion, the claim as presented on the New York judgment ought not to be allowed, and the present appeal should be dismissed.

Reynolds *v.* Stockton.

*Mr. R. J. Moses, Jr.*, for appellants.

*Mr. F. W. Stevens*, for respondent.

The opinion of the court was delivered by

VAN SYCKEL, J.

The appellants in this proceeding commenced an action, in February, 1879, in the supreme court of New York, against the Hope Life Insurance Company, John F. Smyth, then superintendent of the insurance department of New York, Joel Parker, receiver, and the New Jersey Mutual Life Insurance Company. Joel Parker was then acting receiver of the last-mentioned company under appointment of the court of chancery of New Jersey, and also ancillary receiver under appointment by the supreme court of New York. It is admitted that the Hope company was not brought into court by process of summons or otherwise, and that no appearance to said suit was put in by said company.

The range and object of that suit, as presented by the pleadings, was to determine who was entitled to the fund deposited with the New York superintendent of insurance by the Hope company. The New Jersey company claimed it under its agreement to re-insure the Hope company. Joel Parker, as receiver, and the New Jersey company filed an answer in which that is the only issue made.

No amendment was subsequently made to the pleadings and no further answer filed by said receiver or said company.

The case was referred, and on the 7th of March, 1885, a decree was made adjudging the relative interests of the parties in the deposit funds.

Before the decree was entered in New York, Joel Parker was succeeded by Robert F. Stockton as receiver in New Jersey, but he continued to be ancillary receiver in New York until 1886, when he was discharged there by an order of the supreme court, and directed to turn over the assets in his hands to the New Jersey receiver.

On the 11th of October, 1886, after the discharge of the re-

ceiver in New York, a further proceeding was taken in the afore-
said suit in New York, without in any wise amending the plead-
ings, and without further answer or appearance on the part of
Parker, receiver, or the New Jersey company, in which it was
adjudged that the plaintiff in said proceeding recover of Joel
Parker, as receiver of the New Jersey Mutual Life Insurance
Company, the sum of $1,010,496.29.

This claim was presented to Robert F. Stockton, receiver of
the New Jersey company, and by him rejected, on the ground
that the New York adjudication did not constitute legal proof
of the alleged indebtedness. On appeal to the court of chancery
the action of the receiver was sustained, and the appellants dis-
missed without relief.

The question presented by the appeal to this court is whether
to the decree of the New York court the conclusive force and
effect of a judgment must be accorded.

That question is distinctly presented in *Munday* v. *Vail, 5 Vr.
418,* where it is held by the supreme court of this state that a
decree which is entirely aside of the issue raised in the record is
invalid, and will be treated as a nullity, even in a collateral
proceeding.

A decree or judgment which is not appropriate to any part
of the matter in controversy before the court can have no force.
The matter in controversy is that exclusively which is presented
by the pleadings and the issue framed thereby.

The object of the New York suit was fully accomplished, so
far as the pleadings disclosed its purpose, when the New York
fund was disposed of. There was an entire absence of such
specific allegations in the complaint as were necessary to put
the receiver of the New Jersey company on his defence in re-
spect to the state of the account between that company and the
Hope company.

The decree in New York, having adjudicated a matter not
presented by the pleadings nor within the issue, can have no
higher effect than a judgment rendered in our own courts under
like conditions. Under the authority of *Munday* v. *Vail,* it
must be treated as a nullity.

A further infirmity in the appellant's position is the fact that the New Jersey court had the exclusive right to administer and dispose of the assets which the receiver held in this state. The receiver had no power to transfer to a foreign jurisdiction any question touching the appropriation and distribution of such assets. He could not thus deprive the court which appointed him of its authority over him and over the fund which he held as its officer. If he could change the *forum* to New York, he would have been without restraint if he had selected the courts of Mexico or China. The issue made by the answer of Receiver Parker to the complaint in New York clearly restricts the inquiry in that case to the disposition of the New York fund. Over that subject the jurisdiction of the foreign court is not challenged.

It appears also that Parker was discharged as ancillary receiver in New York, and also was discharged as receiver in New Jersey, before the judgment now set up was obtained. A judgment obtained in the absence of any one representing the assets cannot bind their administration here, whatever force it might have with respect to assets which may be found in New York.

In my opinion, the decree below should be affirmed, with costs.

*Decree unanimously affirmed.*