Shivers *v.* Hand.

SARAH M. SHIVERS

*v.*

FANNY L. HAND et al.

A bill for partition stated that the premises were subject to a mortgage held by C., but did not make C. a party, nor did she appear in the suit. The order of reference to ascertain the state of the title &c. directed the master to ascertain as to encumbrances, and he reported that C. had produced before him her mortgage, and he reported the amount due upon it. The decree of sale directed the premises to be sold free of the mortgage.—*Held,* that C. was entitled to be paid from the proceeds before the complainant's costs.

*Mr. Edward Dudley,* for the motion.

*Mr. Pennington T. Hildreth, contra.*

PITNEY, V. C.

This is a motion to vary a decree.of distribution of the proceeds of the sale of premises in partition. The bill sets out that the complainant and defendant are tenants in common of two separate parcels of land, subject to the dower of the widow of their common ancestor. By an amendment added after the bill was filed, it is alleged that the first described tract is subject to the lien of a mortgage held by one Alice Clark, and that the second described tract is subject to the lien of a mortgage held by the fire association, but neither Alice Clark nor the fire association are mentioned as parties in the prayer for process, nor was any process issued against, or any appearance entered for, either of them, so that they are in no sense parties to the bill, and the court had no jurisdiction of their persons.

No answer was filed, and the usual order of reference was made to a special master to ascertain the situation of the title, and as to whether the property could be divided or should be sold, and also whether the dower right of the dowress should be sold. Then follows this language:

"And it appearing to the court that one Alice Clark holds a mortgage upon one of the properties described in the bill, and that the fire association holds a mortgage on the other, it is ordered that the said special master ascertain and report whether the estate, interest *or shares of any of the parties in the prem-*ises are subject to the aforesaid mortgages, or to any lien or encumbrance by mortgage, devise, judgment or decree, and, if so, to what liens and encumbrances, and by whom they are held."

In pursuance of this order the master reported that the solicitor of Alice Clark had appeared before him and produced a mortgage, covering the first lot described in the bill, and he found there was due her on her mortgage $762.96, and he further reported that he had summoned the fire association, but that it did not appear, and he reported that the premises could not be divided, and should be sold clear of the dower.

This report was confirmed, and an order of sale directed to a special master was made directing the sale to be made free and clear of the dower and the mortgages.

The special master reported that he had sold the first lot for the sum of $860, and that he had not sold the second lot because it had already been sold under foreclosure proceedings. This sale was confirmed and a decree of distribution was made, which is the one complained of, which directed that the master should pay, in the first place, the complainant's costs of suit to be taxed, and retain his fees and commissions as allowed by the rules of the court, and then should pay to Alice Clark the amount due her upon her mortgage, which is erroneously stated to be the sum of $725, with interest thereon. The result of this decree, if carried out, would be that Mrs. Clark would not receive the amount due her upon her mortgage for want of funds in the hands of the master. Motion is made on behalf of Alice Clark to vary the decree, in so far as it directs the master to pay the taxed costs of the suit before paying her mortgage.

The decree was made without notice to Alice Clark.

I am of opinion that the motion must prevail. I can discover no ground upon which Alice Clark can be charged with the cost of the partition proceedings. So far as appeared, all she did was, at the request of the complainant, to hand her bond and mortgage to the master. She was not a party to the suit, and did not

Shivers *v.* Hand.

ask to have any benefit from it, nor did she have any control of the decree, nor voice in the time and place of sale. .

I think the case is clearly distinguishable from that of a first mortgagee who is made party defendant to a suit of foreclosure by a second mortgagee, and voluntarily comes in and presents his mortgage to the master and takes a decree for it. He has the option to come in, or not to come in, and the decree for the amount of his mortgage is made on his own application, and he has the control and management of the sale under it.

In the case in hand the complainant asked the court to sell the property free and clear of the mortgage without making the mortgagee a party, and without having acquired jurisdiction of her, and it is doubtful whether the court had the power to order the sale to be made free and clear of the mortgage; but such order having been made, and the title having passed under it to a *bona fide* purchaser, it should not now be disturbed.

Again, the costs in a partition case are greater than those in a foreclosure case, and in this case the bill covers premises not covered by the mortgage in question, and the costs of the proceedings throughout are increased accordingly; and further, it is quite possible that the sale of the other lot under foreclosure left a surplus from which these costs may be paid. At all events the partition suit was prosecuted advisedly, and the complainant is chargeable with knowledge of the value of the premises, and must bear the consequences of having filed her bill for the partition of premises in which she had no equity.

As the case stands, I doubt if the master is entitled to retain even his own fees and expenses, but no objection was made to those. I will advise a decree varying the decree of distribution by postponing the taxed costs of the suit to the payment of the amount due Mrs. Clark on her mortgage, with interest.