### AARON VAN HOUTEN *

*v.*

### MARY V. H. STEVENSON et al.

[Decided July 19th, 1904.]

1. The objection that another suit is depending for the same matter is, in general, taken by plea and not by motion.

2. The complainant and defendant are tenants in common of a piece of land, and the complainant holds a mortgage on the undivided interest of the defendant. The complainant filed a bill to foreclose his mortgage, and the defendant made application to stay proceedings on the ground that there is a partition suit pending brought by the defendant against the complainant affecting the said premises and other lands, but not making the complainant, as mortgagee, a party.—*Held*, that the record does not show another suit pending for the same matter, and therefore the motion must be denied.

*Mr. Preston Stevenson,* for the motion.

*Mr. Frederic W. Van Blarcom, contra.*

STEVENS, V. C.

This is an application to stay proceedings in a foreclosure suit on the ground that there is a partition suit now pending which will bring about the same result and to which the complainant and defendants are parties.

* This opinion was omitted from its proper place.—REP.

· The objection that another suit is depending· for the same matter is, in general, taken by plea and not by motion. *Dan. Ch. Pr.* (*6th Am. ed.*) *634; Way* v. *Bragaw, 16 N. J. Eq.* (*1 C. E. Gr.*) *213; Fulton* v. *Golden, 25 N. J. Eq.* (*10 C. E. Gr.*) *353; Larter* v. *Canfield, 59 N. J. Eq.* (*14 Dick.*) *461; Griffing* v. *Griffing Iron Co., 61 N. J. Eq.* (*16 Dick.*) *269.* In the case of such a plea, if it is not expressly averred that the suits are for the same subject-matter, facts must be stated which clearly indicate that they are. *Griffing* v. *Griffing Iron Co., supra.*

The primary object of a partition bill is partition. If the land cannot be partitioned without great prejudice, then, by statute, it may be sold and the proceeds divided. The act of 1884 (*Rev. Sup. p. 783*), embodied, with slight changes, in the present Partition act (*P. L. 1898 p. 644*), authorizes the complainant to make creditors, having liens upon undivided interests, parties. § *54 et seq.* It does not compel him to do so, but it says he may. § *56.* If he does not, "the court, on motion of either party, *may* admit any creditor having a lien on the undivided interest \* \* \* a party to the proceeding." Where, and only where, a sale is decreed instead of a partition, the scheme embodied in these provisions is to require the share of the proceeds of sale, charged with the lien, to be brought into court and disposed of after notice to encumbrancers and other persons interested.

In the case in hand, Mrs. Stevenson, being the owner of an undivided sixth part of certain lots in Paterson, mortgaged her interest to Aaron Van Houten, the owner of another undivided sixth. Nearly six years ago she commenced the partition suit. It has not yet gone to a decree. The master has reported, as to part of the real estate, in favor of partition, and as to another part (including the part mortgaged) in favor of a sale. Exceptions taken by Mrs. Stevenson to certain portions of this report are now pending.

On April 12th, 1904, Aaron Van Houten filed his bill to foreclose against Mrs. Stevenson. He has a mortgage upon her undivided interest in the land, or a part of the land, which the master has reported should be sold. It is this foreclosure suit

which Mrs. Stevenson is seeking, by her present motion, to have stayed. Her insistment is, necessarily, that the partition suit relates to the same subject-matter. It is obvious that as now constituted it does not. The object of the partition suit, as disclosed by the amended bill, is division of the land among the owners; or, if that cannot be effected without great prejudice, division of the money into which the land may be converted. The object of the foreclosure suit is the collection of a debt out of the proceeds of the sale of the undivided interest of Mrs. Stevenson. These two objects are dissimilar. *Sebring* v. *Mersereau, Hopk. Ch. 502; Harwood* v. *Kirby, 1 Paige 469.*

But, as I have said, the statute ingrafts upon the partition suit something quite distinct. For the purpose of enabling the land to be disposed of to advantage, and so that encumbered interests shall not hurt unencumbered ones, the statute allows the land to be sold, free from liens on undivided shares. *Freem. Coten. & Par.* § *479.* The purchase-money applicable to the encumbered shares it directs to be paid into court, and it authorizes any party in interest, either owner or encumbrancer, to apply for an order directing such part of the money as he shall claim, to be paid to him. It further provides for a service of notice upon the persons interested, to be followed by a hearing. It is obvious that this is a proceeding distinct in its object from partition. Like all other judicial proceedings, it begins when proper parties are brought into court for the purpose of litigating the very matter. A decree without notice to persons interested, and without a record to support it, is a nullity everywhere. *Reynolds* v. *Stockton, 43 N. J. Eq. (16 Stew.) 211; 140 U. S. 254.*

In the case in hand the bill of partition did not, as under section 56 it might have done, make creditors having liens on undivided interests parties. After stating the existence of the $3,000 mortgage, the amended bill alleges that

"your orators are not advised at this time as to who the present owner of said mortgage is (it having been assigned by said Van Houten, as they are informed and believe), but beg leave to join the owner thereof *hereafter* by proper amendments when he is ascertained," &c.

No such amendment has been made and no application has been made by anybody to admit the mortgagee in his character of mortgagee. No petition has been presented setting up the liens and asking for an adjudication in respect of them, and no notice has been given, such as section 59 authorizes. There is nothing in the record, therefore, which discloses another suit pending for the same matter as that for which the foreclosure suit is brought. It is not even certain, as yet, whether the statutory proceeding is available; there is no decree adjudging that the land shall be sold; nothing but the master's report recommending that course. If the land be not sold, if the court be of opinion that it may be partitioned, then there will be no foundation for the proceeding in question, for the express statutory direction is that in that event the liens shall attach upon the shares set off to the debtors.

It is obvious, therefore, that even if the question may be raised on motion, the motion cannot prevail.