AMELIA KOEGEL et al.

*v.*

HENRY C. KOEGEL et al.

[Decided February 11th, 1914.]

1. Under *P. L. 1880 p. 255,* providing that no sale of property shall be confirmed by the court until the judge is satisfied that the property has been sold at the highest and best price, confirmation of a judicial sale is a mere determination that the property brought the highest and best price that could be obtained for it, and hence an application to open the sale will be entertained after confirmation; the only mode of attack upon a judicial sale on grounds other than that the property did not bring the highest and best price being by independent bill or petition, which can be filed after confirmation.

2. In determining the rights of a purchaser to be relieved of his purchase at a judicial sale of land, the courts must have recourse to the principles which would govern in a proceeding to rescind an ordinary contract of sale.

3. Unless the fund is under the control of the court, that tribunal will not relieve a purchaser at a judicial sale of his purchase, except on the ground of fraud.

4. An owner of land devised it to his wife during widowhood, with a provision that, upon her death or remarriage, and upon the arrival of his youngest child to the age of twenty-one years, his executors should divide the property into as many shares as there might be children, or heirs of deceased children. The widow and daughter of the testator filed a bill for partition, and the property was advertised for sale, as if the parties held by fee-simple title.—*Held,* that, under *P. L. 1906 p. 269,* providing that a purchaser at a judicial sale shall be relieved of his purchase by showing a defect in the title, unless notice of the defect was given in the notice of the sale, a purchaser was entitled to be relieved of his purchase; for the decree of partition did not operate on the title to the land, and could not invest him with fee-simple title.

On petition.

*Mr. John Monteith,* for the petitioner.

*Mr. Frank E. Bradner,* for the respondent.

HOWELL, V. C.

The bill in this case is an ordinary partition bill. The proceedings eventuated in a decree which ascertained the rights of the parties in the land and directed a sale thereof to be made under the direction of a special master. This sale was regularly advertised, and the petitioner, who was a stranger to the suit, became the purchaser. The sale was reported to the court and was confirmed in the regular course. The petitioner now files his petition asking to be relieved of his bid and purchase upon the ground that the title is defective. To this the respondent objects that the rule of *caveat emptor* applies to judicial sales; that the petitioner was negligent, in that he did not have the title examined before he made his bid, and lastly, that the master's deed to be made in pursuance of the decree will give him a good title. It is quite generally held by the American courts that no application to open a judicial sale will be entertained after the sale shall have been confirmed, but that the rule does not prevail in this state under the act of 1880. *P. L. 1880 p. 255.* Confirmation under that act merely covers the point that the property brought the highest and best price that could be obtained for it in cash. *Bethlehem Iron Works* v. *P. & S. R. R. Co., 49 N. J. Eq. 356; Fleming* v. *Fleming Hotel Co., 70 N. J. Eq. 509; Oakley* v. *Shaw, 69 Atl. Rep. 462; Cropper* v. *Brown, 76 N. J. Eq. 406.* It was likewise held that an attack upon the sale on any other ground must be made the basis of independent action, either by bill or petition, and it was held by Vice-Chancellor Garrison, in *Cropper* v. *Brown, supra,* that there was no distinction in this state in respect to the principles to be applied touching the rights of the parties between judicial sales and other similar sales voluntarily made between the parties. Therefore, in adjudicating upon the right of the petitioner to have the sale set aside we must have recourse to the principles which would govern the court in a proceeding to rescind the contract of sale.

In examining the cases in other states relating to the setting aside of judicial sales, it seems to be quite generally noted that the court is inclined to deal rather liberally in the matter in proper cases, provided the fund produced by the sale is still

under the control of the court; but where the fund has been paid in and distributed, no application, except for fraud, would be listened to. In this case it appears that $1,000 has been paid on account of the purchase-money which has been deposited to the credit of the master as an officer of the court at a bank of deposit in Newark, so that the fund is wholly under the control of the court, and the above-mentioned condition arising out of the situation fully complied with.

The petitioner's claim of equity on this application requires an examination of the proceedings in the partition suit. The facts in relation thereto are these: One Conrad Koegel died seized of the lands in question leaving a will by which he gave the residue of his estate to his executors, or the survivor of them upon trust to pay the income thereof to his wife, Mathilde, as long as she should remain his widow, for her use and benefit, and the maintenance, support and education of his children during their minority, and that upon the decease or marriage of his wife, and the arrival of the youngest of his children to the age of twenty-one years, his executors should divide the remaining property into as many shares as there might be children or heirs of deceased children, and so distribute the same, share and share alike. The bill was filed by the widow of the testator and one of the daughters. All the children and grandchildren were made defendants, among them three infants and one lunatic. The bill proceeds upon the theory that the legal title to the land in question was in the children and descendants of the testator, subject only to the right given by the will to the widow; the whole case proceeded upon the idea that the legal title so rested. The master reported the rights of the parties as rights in an estate in fee, and the decree for sale ascertained and established those rights as fee-simple rights, subject, however, to the provision in favor of the widow. The property was advertised for sale by the master as if it were held under a fee-simple tenure, and there was no notice under the act of 1906 (*P. L. 1906 p. 269*) of any defect in the title.

Just how the master who made the sale now sought to be set aside can invest the petitioner with a fee-simple title to these lands under the present proceeding is inexplicable. It is true

that there may be a partition of an equitable estate, but that relief is not sought by this bill, nor is the pleading drawn for that purpose. The only estate that can be partitioned under this bill is a fee-simple estate, an estate which it is very clear the parties do not possess. The decree does not operate on the land; it has no relation to the true state of facts. What the master's deed is intended to do in partition suits is to transfer to the purchaser the rights and interests of the parties to the suit. In this case it could at best transfer only the equitable rights of the adults, and probably none of the rights of the lunatic or the infants. It appears to me to be a case of mistake from the consequences of which the purchaser ought to be relieved. It would be grossly inequitable to compel him to pay the purchase-money amounting to $10,500 and get for it so little as it is apparent he would get if he were compelled to perform this contract.

In my opinion, the petitioner is entitled under the act of 1906 to a marketable title, and I think that it is quite apparent that he would get no such title under a master's deed in this case.

I will advise an order that the petitioner be relieved of his bid and that the deposit paid by him be returned to him. Costs should not be taxed against either party.