In the matter of the dissolution of the NEW JERSEY REFRI-GERATING COMPANY, Frances F. Jasinski, appellant.

[Submitted October term, 1926. Decided January 31st, 1927.]

1. A court of equity will rescind a transaction entered into upon the faith of a material representation, false in fact, if the person to whom it was made relied upon it, and, in consequence, suffered injury. In equity the complainant may succeed, although the misrepresentation was innocent.

2. A material misrepresentation in an auctioneer's notice of the sale of real estate representing the receivers appointed by the court of chancery will avoid sale, even though the notice of sale provides that all statements are subject to errors and omissions. The items of misrepresentation deemed material in the auctioneer's notice of sale in this case, which lead to a reversal of the decree confirming the receivers' sale, are set forth in the opinion.

---

On appeal from a decree of the court of chancery.

*Messrs. Collins & Corbin,* for the petitioner-appellant.

*Mr. J. Henry Harrison,* for the respondents-receivers.

The opinion of the court was delivered by

BLACK, J.

A decree was made in the court of chancery confirming an auction sale of real estate offered by the receivers of the defendant corporation. The property is located in the city of Bayonne and is described and identified as Nos. 174-176 Avenue F and No. 97 East Twenty-fourth street, Bayonne. The building No. 174 being a corner property at Avenue F and East Twenty-fourth street, is a frame building three stories in height. The building No. 176 adjoining on the east is a two-story frame building. The building No. 97 East Twenty-fourth street, in the rear of the two buildings above described, is a three-story frame building. The sale was held on January 9th, 1925. The premises were struck off to the appellant at the price of $22,800. A petition was presented to the court of chancery on March 3d, 1925, asking that a decree be made setting aside the sale of the premises on the ground of misrepresentation contained in the auctioneer's printed notice of sale, that she had made a bid for the premises at the sale, relying upon the truth of the statements made in the printed notice of sale, an answer was filed to this petition, to which is attached a copy of the notice of sale. *"Exhibit A."* The matter was referred to a special master to take testimony and ascertain the truth of the allegations made in the petition. The master found the following items untrue, as stated in the auctioneer's notice, the estimated yearly rentals were $3,648; whereas, the master found the actual rentals were $2,388, a difference of $1,260.

Rentals are an important factor for bidders to know, there is no reason for inaccuracies or misrepresentations as to rentals, the slightest care on the part of the receivers could have stated this item with substantial accuracy. No. 174 Avenue F, with ten apartments, it is not true that four of

these apartments are four rooms each, on the contrary, all of them are three rooms each. No gas in any of the apartments only in the hallways. No water in any of the apartments, the same having been shut off. No. 97 East Twenty-fourth street, only five of the six apartments are four rooms each. No gas except in the hallways. No gas fixtures. The master further reported that the petitioner became the purchaser under misapprehension, relying upon the truth of the statements in the auctioneer's notice of sale, issued in the name of the receivers.

The master's report was dated October 29th, 1925, in which he further reported "that all the material allegations in said petition set forth are true." The sale was confirmed by a decree of the court of chancery on April 20th, 1926, on the ground that the conditions of sale provide that the property is offered "or sold subject to the following" (J). "To any facts, a survey and inspection would disclose" (M). "To condition of premises 'as is.'" The reason advanced in the court of chancery for confirming the sale is because the auctioneer's notice of sale upon which the appellant relied, when the bid upon the property was made, contained the following paragraph: "All statements are subject to errors and omissions, and all dimensions of lands are more or less." The further statement that the yearly rentals were estimated. The petitioner bought at her own risk and she was bound to satisfy herself, in advance of the sale, the condition of the property. With this conclusion of the learned vice-chancellor, applied to the facts of this case, the decree having been appealed to this court, we cannot agree.

The cases cited in support of the decree in the court below are clearly distinguished from the facts of the case here under investigation. A court of equity will rescind a transaction entered into upon the faith of a material representation, false in fact, if the person to whom it was made relied upon it and in consequence suffered injury. *Eibel* v. *Von Fell, 55 N. J. Eq. 670.* In equity the complainant may succeed, although the misrepresentation was innocent. *Ibid.;* approved by this court in *Blau* v. *Public Service, &c., Railway Co., 90 N. J. Eq. 280.*

We think the rule to be applied to the facts of this case is that stated in the text of *Corp. Jur.* which is supported by authority. *6 Corp. Jur. 828 § 21.*

The description of the property offered for sale should be described in language so clear and unambiguous that persons of ordinary understanding will not be deceived as to either its character or identity. A misdescription, in a material matter, upon which the purchaser might reasonably rely, and did rely, to his damage, is ground for avoidance of the contract. This is so, even though the conditions of sale provide that errors and misdescriptions shall not avoid the contract.

This rule should be strictly adhered to, when officers of the court representing the court are dealing with the public, otherwise the court may be a subject of just criticism. This is especially so, when the object of all such imputations may and can be completely and entirely removed, by a degree of care and supervision on the part of the receivers, before the propcery confirming the sale, in this case, should be reversed. The with the public, in the name of the court, to observe a high degree of accuracy in all statements intended to influence bidders at an auction sale of real estate.

For these reasons we think the decree of the court of chancery confirming the sale, in this case, should be reversed. The decree of the court of chancery is therefore reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.