The above-entitled cause was heard before the late Vice-Chancellor John Griffin, and re-referred to me for my consideration upon the proofs submitted.
The bill is to foreclose a mortgage made March 29th, 1909, by Katie F. Hayek, to the complainant, on all the right, title and interest of the mortgagor in one-half of all the tract of land and premises described in said mortgage, to secure payment of the sum of $865.82, payable on demand without interest, which mortgage, as per recital therein, was made coordinate, as a lien, with a mortgage made by said mortgagor to Louisa Suppes, for $862.92, payable on demand without interest, both mortgages being subject to the operation of a certain other mortgage lien of $1,000. The mortgage sub judice provides:
"It being distinctly understood, however, that the party of the first part shall not be liable for a deficiency in case of a foreclosure sale under this mortgage."
The defendant Pietro Traverso, by counter-claim, prays that the complainant be decreed to have no lien on the premises described in her aforesaid mortgage, and that said mortgage be delivered up for cancellation. The mortgagor died on August 25th, 1909, leaving a last will and testament, wherein she devised the mortgaged premises, together with other property, to her three sons therein named, two of whom were executors thereof, and said devisees, on February 10th, 1913, filed a bill in this court praying for a partition of the mortgaged premises, together with other real estate, or, in lieu thereof, a sale of all said premises. It appears from said bill that Francis Hayek, Sr., grandfather of said devisees and complainants, *Page 146 
died seized of an undivided one-half interest in said mortgaged premises, and their mother, the mortgagor aforesaid, died seized of the remaining one-half thereof subject to the mortgage liens above mentioned. The complainant herein, as a daughter of said Francis Hayek, Sr., was entitled, as one of his heirs-at-law, to share in the undivided one-half interest in the premises to which her mortgage relates, together with other real estate, of which he died seized, and because thereof, she, as such heir-at-law, was named as a party defendant in the aforesaid partition suit, together with about forty other defendants. She was not made a party defendant in said partition suit, as a mortgagee, nor was her mortgage interest affecting the mortgaged premises in any wise mentioned in said partition bill, or in the proofs taken thereunder. A person may hold interests in the same realty in two or more capacities, in which event, a judgment against him in one capacity does not bind him in the other. 30 Cyc. 202 (3). A decree for sale was made in said suit on March 20th, 1915, which, notwithstanding the complainant, as mortgagee aforesaid, was not mentioned in or a party to the proceedings upon which said decree was based, nor were any proofs taken therein with respect to her mortgage, recites:
"That the interest of the said complainants in said Tract Five being subject to the lien of three mortgages; one dated July eleventh, nineteen hundred, given by Katie F. Hayek and Francis Hayek, her husband, to Anthony Eickhoff, to secure the sum of one thousand dollars [$1,000], with interest from July eleventh, nineteen hundred, and covering the undivided one-half interest in said Tract Five; the second, dated March twenty-ninth, nineteen hundred and nine, given by Katie F. Hayek to Julia Langlotz, for eight hundred sixty-five dollars and eighty-two cents [$865.82]; the third, dated March thirtieth, nineteen hundred and nine, given by said Katie F. Hayek to Louisa Suppes, for eight hundred sixty-five dollars and ninety-two cents [$865.92], both said second and third mortgages covering only the right, title and interest which said Katie F. Hayek had in Tract Five at the time of executing said mortgages. The interest of these mortgages not having been ascertained, the share of the said Francis H. Hayek, Andrew A. Hayek and Herbert E. Hayek is to be retained until the interests of said mortgagees shall be ascertained."
It will be observed from an examination of said decree that there is no express direction therein to sell the mortgaged *Page 147 
premises free and discharged of the several mortgage liens, though by inference, indicated by the reference therein to mortgage interests aforesaid, it apparently was so intended; but a court of equity should not, except to effectuate a clearly contemplated undertaking within its jurisdiction, which will not do inequity to others or unwarrantably violate vested property rights, give elasticity to such an inference.
A perusal of the aforesaid decree manifests that the court struck therefrom a typewritten clause reading as follows:
"And it is further ordered that said master sell said premises free, clear and discharged of and from all mortgages, taxes, assessments, water rents and other municipal charges which, at the date of said sale, are liens or encumbrances upon the said lands and premises, and that out of the proceeds of sale he pay all mortgages, taxes, assessments, water rents and other municipal charges and interest which, at the date of said sale, are liens or encumbrances upon said lands and premises."
It appears to me that the striking of said clause in its entirety from the decree as prepared and submitted by counsel for the complainants to the court, signifies that the court appreciated the impropriety of such a provision in said decree in view of the fact that the mortgagee, as such, was not a party to the suit, was not heard therein, and her mortgage interest had not been adjudicated.
While such decree appears to have been consented to by the solicitors of various defendants therein named, including "Julia Langlotz," such consent can only operate against "Julia Langlotz" as a defendant as therein named, to wit, as an heir-at-law, and not as a mortgagee. Such is manifest from the bill of complaint which recites that "the defendants may full, true, direct and perfect answer make to all and singular the charges and matters aforesaid." The "charges and matters" therein referred to and mentioned do not embrace the right, title or interest of the complainant herein (defendant therein) as mortgagee, and if the decree were intended to affect her interest as mortgagee, inasmuch as it is not based upon or supported by the bill of complaint and proofs taken thereunder, it must be regarded a nullity as to her. Reynolds v. Stockton, 43 N.J. Eq. 211;140 U.S. 254; Jones v. Davenport, 45 N.J. Eq. 77, 81; Van Houten
v. Stevenson, *Page 148 69 N.J. Eq. 626, 628; affirmed, Ibid. 835. In Jones v.Davenport, supra, it was held that courts can only hear and determine causes on the pleadings actually filed. The mere fact that the complainant herein was a party to the partition suit as an heir-at-law, and therefore had knowledge of the litigation, could not operate to render the decree therein binding upon her in her capacity as a mortgagee, any more than if she had been a witness in such suit. See Bacon v. Fay, 63 N.J. Eq. 412.
The sale of the mortgaged lands sub judice, in partition proceedings, under the decree aforesaid, without the complainant being made a party defendant to the suit in her capacity as mortgagee, without notice that such sale was to be made free of her mortgage, and without ascertainment of the amount of her mortgagee claim by the court, or a master designated therefor,before the making of the order for sale, cannot operate to divest her of her mortgage lien on such lands, and relegate her to proceeds derived from the sale of the property, for the satisfaction of her mortgage debt.
The complainant herein (defendant therein) if made aware that the proposed sale was intended to be free of her mortgage lien, would thus have been afforded an opportunity to attend the sale and bid thereat to an amount adequate to protect her mortgage interest. In fact, it would then become her duty to see that the proceeds of the sale of the property covered by her mortgage was sufficient to satisfy such mortgage, if she would secure any benefit therefrom. Wright v. Wright, 70 N.J. Eq. 407 (at p.412). If the complainant was made a party defendant to the proceeding referred to, as a mortgagee, and her rights as such were ascertained and reported upon before the making of an order for sale of the premises in which she was interested, upon notice to her and an opportunity to be heard, the decree, in effect, would cut her off as mortgagee from any right or claim in the lands, and relegate her for satisfaction of her mortgage claim to the proceeds of the partition sale. Wright v. Wright, supra
(at p. 408). Chancery rule 229 is somewhat pertinent. It is therein provided that — *Page 149 
"In partition suits, where a person is entitled to an estate in dower or by the curtesy, in the whole or any part or share of the premises, and the master shall report that said premises should be sold free and discharged of such estate, no decree for the sale of said premises free and discharged from such dower or curtesy shall be made until notice shall have been given to the party entitled to the said estate of the intended application for the sale of said lands free and discharged as aforesaid * * *."
And said rule provides particularly as to the notice to be given and the means of service thereof. In mortgage foreclosure proceedings, also, the rights of one not made a defendant are not affected by a decree therein. Merchants and Traders Realty Co.
v. Stern, 101 N.J. Eq. 629. In partition proceedings, while it may be said that encumbrancers are not necessary parties defendant, particularly in the absence of a statute requiring such to be made parties, and that only encumbrancers whose liens are against undivided shares or interests sought to be partitioned, or sold in lieu thereof, may be made parties to the suit (Neale v. Stamm, 100 N.J. Eq. 35; Becker v. Carey,36 Atl. Rep. 770), yet, in the case sub judice, in view of the facts disclosed by the proofs, and considering the pertinent clause of the mortgage that the mortgagor, in the event of the mortgage being foreclosed, was not to be liable for a deficiency thereunder, the complainant should have been made a party defendant to the partition suit, as a mortgagee, or, at least, given actual notice that the mortgaged premises were to be sold in said proceedings free and discharged of her mortgage lien, and she might then be required to look to the proceeds of the sale of the mortgaged premises for the satisfaction of her mortgage interest therein; particularly should such procedure be regarded as appropriate and required in a partition proceeding such as the one referred to, in which property other than the mortgaged premises was involved, wherein she had an interest as heir-at-law, and the costs of suit, counsel fees, and fees and commissions of the special master, might reasonably be expected to be so much greater than they would be in a mortgage foreclosure proceeding relating only to the mortgaged premises as to minimize, if not actually wipe out, the mortgagee's security. *Page 150 
In Jones v. Davenport, supra (at p. 82), it is said: "The great purpose intended to be accomplished by a final decree in an equity suit is to settle and determine, justly and finally, the rights of all persons having a material interest in the subject-matter put forward by the complainant in his bill of complaint as the foundation of his right to relief, and for this reason it is a leading rule of equity procedure that all persons materially interested, either legally or beneficially, in the object of the suit, shall be made parties to it, to the end that full and complete justice may be done to all, in respect to the particular subject-matter of the litigation, and that all further litigation concerning such subject-matter may be prevented." InJacobus v. Mutual Benefit Life Insurance Co., 27 N.J. Eq. 604
(at p. 607), Justice Dixon says: "Upon no man's rights shall judgment be conclusively rendered until he have opportunity, or at least permission, to be heard thereon." This declaration of law I consider applicable to the complainant's right as mortgagee.
In Steen v. Clayton, 32 N.J. Eq. 121, it appears the premises which were sold under a decree in partition were owned in equal shares by parties therein named, and that the complainant's share was subject to a mortgage lien. The mortgagee was not made a party to the proceedings. The court (at p. 123) says: "The holder of the mortgage was not a party to the suit, and he was not bound by the proceedings in it. His claim was to be disposed of after the sale."
In McCormick v. McCormick, 104 Md. 325; 65 Atl. Rep. 54, it was held that a party made defendant as co-owner of lands and premises, but not made a party defendant as an encumbrancer, is not affected by the decree made in the suit, as to any lien held by him but not placed in issue in the pleadings.
The premises which were subject to the lien of the mortgagesub judice were sold by the special master to the defendant Pietro Traverso for the sum of $1,100, subject to taxes, sewer assessment and street grading; the sale was confirmed by order of the court bearing date June 1st, 1915, and in accordance therewith the special master executed and delivered *Page 151 
his deed, bearing date June 9th, 1915, conveying to said defendant the mortgaged premises sub judice, together with other property. Said defendant is still the owner of said premises. On June 21st, 1915, an order of distribution was made in said partition suit, directing that out of the proceeds of sale the special master pay the costs and counsel fees of the several solicitors therein named, and his own fees and commissions, and out of the residue he pay to the several persons therein named the amounts declared to be payable to them, "and that he deposit with the clerk of this court seven-twelfths (7/12's) of the residue of Tract Five, to be retained by said clerk until the respective interests of the mortgagees shall be ascertained, or until the further order of this court." On October 14th, 1915, the special master paid to the clerk of the court the meagre sum of $252.55 (out of $1,100 realized from the sale) as representing seven-twelfths of the residue of the proceeds of sale of Tract Five aforesaid, and, at the same time, paid to said clerk the sum of $180.25, as representing the share of the estate of Francis Hayek, Sr., from the sale of said Tract Five. The best that might reasonably be urged in behalf of the order of distribution is that as the final judgment in the proceeding it is conclusive on the rights of the parties to thesuit.
The defendant Pietro Traverso did not make or cause to be made any examination of the title to the lands and premises purchased by him at the special master's sale. If he had made examination thereof he would have had notice of the complainant's mortgage lien, and he could have either applied to this court to be relieved of his bid because of the special master not having made known the mortgage liens against the property exposed for sale (In re New Jersey Refrigerating Co., 100 N.J. Eq. 537; Comp.Stat. p. 4686 § 35), or take such proceedings as he may have been advised to have been necessary to assure him that the property purchased by him would be free of mortgage liens. The special master's deed only transferred to said defendant the interests of the parties to the partition suit. Koegel v.Koegel, 83 N.J. Eq. 179. It is well settled that at a judicial sale the rule *Page 152 
of caveat emptor applies. Brady v. Carteret Realty Co.,67 N.J. Eq. 641; see, also, 20 R.C.L. 779 § 52, and notes in33 L.R.A. (N.S.) 439. The court did not undertake to sell more than the title of the parties to the suit, and the purchaser took at his own risk as to title — in the absence of an express warranty or representation. The deduction from the moneys derived from the sale of the large sum required to be paid for costs of suit, counsel fees and special master's fees and commission, is practically confiscatory of the complainant's property, her mortgage interest in the land. And the proceeds of the sale are to be regarded as land. Green v. Hathaway, 36 N.J. Eq. 471
(at p. 472). In Shivers v. Hand, 50 N.J. Eq. 231, there was a decree of sale in partition proceedings, free of the mortgage, which the mortgagee produced before the master, and upon which the master reported the amount due, and it was held that the mortgagor was entitled to be paid from the proceeds of the sale before the payment of the costs of the proceedings. Vice-Chancellor Pitney (at pp. 232, 233) says: "I can discover no ground upon which Alice Clark can be charged with the cost of the partition proceedings. So far as appeared, all she did was, at the request of the complainant, to hand her bond and mortgage to the master. She was not a party to the suit, and did not ask to have any benefit from it, nor did she have any control of the decree, nor voice in the time and place of sale * * *."
The costs in a partition case are greater than those in a foreclosure case. In the aforesaid partition suit the bill of complaint relates to and embraces premises not covered by the mortgage in question, and the costs of the proceedings throughout are increased accordingly, to the detriment of the mortgagee. When there are two or more parcels sold in partition, no part of the proceeds of the sale of one can be appropriated to pay the costs of proceedings for the partition of the other. 30 Cyc.297, and cases cited in note 78.
The defendants herein urge that inasmuch as the complainant was made a party to the bill of complaint in the aforesaid partition suit, notwithstanding that she was merely *Page 153 
made a party thereto as an heir-at-law of Francis Hayek, Sr., she should also be regarded as a party thereto in her capacity as mortgagee. Such argument, however, is untenable. Section 56 of the Partition act (Comp. Stat. p. 3913) provides that a complainant in a partition suit may, at his or her election, make every creditor having a lien on the undivided interests or estate of any of the parties, by mortgage, judgment, decree, devise or otherwise, a party to the proceeding, but, in such case, it is provided that the bill shall set forth the nature of such lien or encumbrance. Such provision, in the case sub judice, was not complied with. Section 57 of the Partition act relates to a case where creditors having liens on undivided shares have not been made parties to the bill of complaint, and expressly provides that before the making of any order for the sale of the premises where the creditors having such liens shall not have been made parties, the court, on the motion of either party, may admit any creditor having a lien on the undivided interest, share or estate of any of the parties, by mortgage, judgment, decree, devise or otherwise, a party to the proceeding, and may thereupon, by an order of reference for that purpose, direct a master of the court to ascertain and report whether the shares or interests in the premises of the parties in such suit, or any of them, are subject to any lien or encumbrance, by mortgage, devise, decree or judgment, or otherwise, and if so, to what liens or encumbrances, and by whom they are held. This provision of the law was not complied with. The stated purpose of said section is to determine what liens or encumbrances the property which is the subject-matter of the partition suit is subject to before any order of sale be made. Section 58 of the aforesaid act provides that if it shall appear, by the proceedings in the suit or by the report of such master, that there are any existing liens or encumbrances upon the estate, share or interest in the premises of any party named in the proceedings in said suit, the court shall, if it order sale, in the decree for sale direct the master to bring into court the moneys arising from the sale of the estate, share and interest of said party, after deducting the portion of the costs, charges and expenses to which it shall be liable. *Page 154 
In view of the foregoing, I advise an order denying the motion to strike the bill of complaint. I advise, also, a decree in favor of the complainant for the sum of $862.85, the amount of the mortgage, without interest (the mortgage expressly providing that it is not to bear interest), and allow the defendants fifteen days after the entry of the decree herein within which to make payment thereof to the complainant. The aforesaid decree will provide for the payment of costs by the defendants to the complainant. The decree will provide, also, that if payment of the moneys payable thereon be not made within the stipulated time, a writ of fieri facias shall issue to effect the sale of the lands and premises described in the complainant's aforesaid mortgage.