## Waln *vs.* Meirs and others.

1. In partition proceedings, where an answer has been filed, the court usually determines on the hearing, on the evidence, as to the divisibility of the property. In case of default, it determines the question on the evidence and the report of a master.

2. If, on the hearing, there should be doubt as to the practicability of

partition without great prejudice, the court may appoint commissioners to divide, and should they report against partition, may order sale.

3. An answering defendant to a bill for partition, who made no objection to an order of reference, and took part in the proceedings under the reference, *held* to have waived the irregularity, but on the day noticed for a motion to confirm the master's report, was given permission to be heard on the merits of the report, on exceptions thereto.

In partition. Motion for order to confirm master's report.

*Mr. F. Voorhees*, for complainant.

*Mr. W. H. Vredenburgh*, for defendants Meirs and wife.

The Chancellor.

The bill in this cause was filed on the 17th of September, 1873, for the partition of land of which Robert Waln, deceased, died seized. The defendants, John G. Meirs and wife, answered. Their answer was filed on the 31st of October, 1873. By it, they admit all the facts stated in the bill, and joining in the prayer for partition, insist that partition of the land is practicable without great prejudice to the owners, and oppose a sale. No replication was filed. On the 2d of June, 1874, an order of reference was entered, referring it to a master to report the rights of the parties, and whether the land could be divided without great prejudice to the owners, and if, in his opinion, it could not be so divided, whether it should be sold as a whole or in parcels, and whether, in case of sale, the dower of the widow of Richard Waln, deceased, in the property, should be excepted from the sale, or be sold with the property. The master was directed to report on the 14th of July, 1874. Under the order, the master took a very considerable amount of testimony. More than thirty witnesses were examined. The counsel of the answering defendants was present at the examination, and took part therein. He offered witnesses, who were sworn and examined in relation to the subject matters of the reference. The master reported that the property could not be divided without great prejudice to

the owners, and that it should, therefore, be sold; that the dower right should be sold with it, and that the property should be sold in certain designated parcels. The report was filed on the 30th of August, 1875, and thereupon an order was entered, directing that the defendants be notified of the filing of the report, and requiring them to file their objections to it on or before the 14th of September then next. The counsel of the complainant, on that day, moved that the report be confirmed. The counsel of the answering defendants interposed the objection that the order of reference was irregular, in view of the fact that the answer was on file when it was made. He insisted that, according to the practice, the cause should have been set down. There are no merits in the objection. The only matter in controversy, the divisibility of the property, may, by leave of the court, be heard on the evidence, on exceptions to the master's report. The answering defendants have had full opportunity to produce testimony on the subject. They not only did not move to set aside the order of reference, but making no objection to it, they took part in the proceedings under the reference. They may fairly be presumed to have consented to the order. They will be held to have waived the irregularity. The counsel also insisted that the practice was settled by the decision of the Court of Appeals in Bentley v. Long Dock Co., and that, according to that case, no sale can regularly be ordered, unless commissioners shall have reported that the partition cannot be made without great prejudice. Such, however, is not the practice. The court usually determines on the hearing, on the evidence, as to the divisibility of the property. In case of default, it determines the question on the evidence, and the report of a master. *Thompson* v. *Hardman*, 6 *Johns. C. R.* 436. If, on the hearing, there should be doubt as to the practicability of partition without great prejudice, it may appoint commissioners to divide, and should they report against partition, may order sale. The course which was directed to be taken in Bentley v. The Long Dock Co. was exceptional. In that case there was an appeal from the order for sale. The Court

of Appeals were not satisfied by the proofs, of the necessity of a sale. They, therefore, ordered that commissioners should be appointed to make partition, and that in case the commissioners should be of opinion that partition could not be made without great prejudice, they should so report. No opinion of the Court of Appeals in the case is extant. The order for sale was not reversed for irregularity, although it was subject to the same objections, in all respects, as the order of reference in this cause, but, as appears by the decree, (1 *McCarter* 486,) because the court were "not satisfied by the proofs," that the property could not be partitioned without great prejudice. The answering defendants will be heard on the merits of the master's report, on exceptions thereto.