Sipley v. Wass.

RACHEL SIPLEY, ADMINISTRATRIX OF CATHARINE VAUGHN, v. ELIZABETH V. WASS.

If a defendant in a suit before the court for the trial of small causes omit to file his claim as a set-off, he may nevertheless recover the sum due him in any other court having cognizance of the same, provided he prove therein that the balance due him exceeds $100.

On demurrer to replication.

Argued at February Term, 1885, before BEASLEY, CHIEF JUSTICE, and Justices DIXON and MAGIE.

For the plaintiff, *L. De Witt Taylor.*

For the defendant, *J. G. Shipman & Son.*

The opinion of the court was delivered by

DIXON, J. The principal question raised by the pleadings in this case is whether, if the defendant in a suit before the court for the trial of small causes has a claim against the plaintiff so large as to involve a controversy beyond the jurisdiction of that court, he must nevertheless present it there as a set-off, or be precluded from afterwards recovering it in any other court.

The preclusion of the defendant in such a suit from subsequently recovering, in another court, a claim which he had against the plaintiff pending that suit, arises, not from any general rule of law, but solely from the twenty-fourth section of the Justice's Court act. That section enacts: " If any de-

fendant neglect or refuse to deliver a copy of his or her account or state of demand against such plaintiff, he or she shall forever thereafter be precluded from having or maintaining any action for such account or demand, or from setting off the same in any future suit; provided always, that where the balance found to be due to such defendant exceeds the sum of one hundred dollars, then the said defendant shall not be precluded from recovering his or her account or demand against such plaintiff in any other court of record having cognizance of the same."

In the construction of this section it is urged that the expression, " balance found to be due," indicates that it is necessary that such balance should be found by the justice's court to be due, as a preliminary to the bringing of a suit in any other court of record, and hence that an account or state of demand must be filed by the defendant in order to enable the justice's court to make such a finding.

There are, however, several obstacles in the way of this contention.

In the first place, the powers of the justice's court must all be derived from the statute, and the statute nowhere authorizes that court to record any determination as to the balance due either party except by a final judgment in favor of that party, on which execution is to be awarded. Such a judgment would not form a proper preliminary to a suit in some other court on the original cause of action.

Secondly, the section makes the finding of a balance in excess of $100 the preliminary, not to a *suit*, but to a *recovery* in some other court of record having cognizance of the same. The matter, therefore, can readily and legally be determined upon appropriate pleadings in the court where recovery is sought.

Thirdly, this contention ignores the proper office of a proviso, which is to restrain the operation of the enacting clause by taking out of its reach some special cases which otherwise might have been within it. *Sloat* v. *McComb*, 13 *Vroom* 484 ; *Lanning* v. *Lanning*, 2 *C. E. Green* 228. In the section

McGulloch v. Hopper.

now under consideration the enacting clause, which is modified by the proviso, relates only to cases wherein defendants have omitted to file their accounts or demands before the justice; only in such cases, therefore, is the proviso designed to operate. If the defendant had filed his account, then no proviso was needed to preserve his right of subsequent recovery, for no enactment assailed or seemed to assail it; but if he had not, then the proviso saved it in cases where the balance found to be due him exceeded $100, notwithstanding the general enactment which might possibly have been construed as defeating it.

The interpretation contended for cannot therefore be adopted.

The plain meaning of the section is that if a plaintiff shows that the balance due to him exceeds $100 he is not to be barred from recovery because, when previously sued by the defendant before a justice's court, he had not interposed his claim as a set-off.

On the demurrer now before us this appears to be the plaintiff's situation, and therefore the plea which seeks to prevent his recovery is bad. Without considering the merits of the replication, the plaintiff is entitled to judgment.