FRANK P. SHALVOY, RELATOR, v. WILLIS FLETCHER JOHNSON, CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY, RESPONDENTS.

Submitted December 6, 1912—Decided March 10, 1913.

1. The supplement of March 14th, 1912, to the Civil Service act (*Pamph. L., p.* 113) applies only to court officers *de jure*.
2. A court officer temporarily appointed pursuant to section 29 of the Civil Service act, and holding over after the expiration of the two months' temporary service allowed thereby, is not holding office or employment *de jure*.

---

On rule to show cause why *mandamus* should not issue, commanding the Civil Service Commissioners of New Jersey to certify on the sheriff's payroll of Essex county the sum of $45.50 as due relator for pay as court attendant from April 1st to April 15th, 1912.

Before Justices TRENCHARD, PARKER and MINTURN.

For the relator, *James K. Nugent.*

For the respondents, *Nelson B. Gaskill,* assistant attorney-general.

The opinion of the court was delivered by

PARKER, J. This appears to be an attempt by a temporary appointee to remain permanently in office because he was illegally suffered to remain in the performance of his duties beyond the statutory period. Section 29 of the Civil Service act (*Comp. Stat.,* p. 3806) provides for temporary appointments in emergencies, "but the head of such department * * * upon employing any such person * * * shall immediately give notice thereof to the commission * * * and as soon thereafter as practicable, a person shall be selected in accordance with the other provisions of this act, whereupon the services of the person or persons so temporarily employed shall cease. In no case shall such employment continue for a longer period than two months, nor shall successive temporary appointments be made to the same position under this provision."

Relator was temporarily appointed a court attendant on November 27th, 1911, "to date from November 18th," to take the place of a man who had died, and the commission was duly notified. On January 10th, 1912, the commission certified a list of eligibles, but on representation to it that a change of court officers during the session of the courts was undesirable, relator was (unlawfully after January 18th) continued in office until April 1st, after which date the commission refused to certify his salary, and the present application is to compel them to do so.

Meanwhile, on March 14th, 1912, the governor approved chapter 82 of the laws of 1912 (*Pamph. L.,* p. 113), being a supplement to the Civil Service act, providing that every officer of the various county courts "holding office or employment at the time of the introduction of this act, or who may be hereafter appointed, shall continue to hold their offices or employments as the case may be, and shall not be removed therefrom except in accordance with the provisions of the act to which this is a supplement." This act is in-

voked as confirming relator in the position occupied by him at the time of the introduction of the act, and forbidding his removal except by proceedings in accordance with the Civil Service act. It has been held by this court, however, that the application of the Civil Service act (of which the act of 1912 is a supplement) must be limited to the protection of officers *de jure,* and cannot be extended to keep in office *de facto* officers. *Salter* v. *Burk,* 54 *Vroom* 152. Unless, therefore, relator was a *de jure* officer at the time of introduction of the act he is not entitled to its protection. There is no proof whatever as to the date of introduction of the act; while it is plain that by reason of the inhibition found in section 29, relator was not a *de jure* officer after January 18th. His counsel argues that the retention of relator in office after the two months was *ultra vires* the commission, and very likely this is true, but it only emphasizes the point that after January 18th he was not a *de jure* officer. Assuming that the act of 1912 would protect him if introduced before that date, he has not shown the date of its introduction and so has failed to prove an essential element in his case, viz., that he was a *de jure* officer at the time of such introduction.

The rule to show cause will be discharged, with costs.