This is a suit for partition. The bill alleges that Max Stamm (for whom the complainant has been appointed trustee in bankruptcy and who files this bill by leave of the United States district court), with Julius Chiefitz, owned the land of which partition, or sale in lieu thereof, is sought; that on February 1st, 1926, Stamm and wife and Chiefitz and wife executed a mortgage for $15,000, covering the premises described in the bill, which mortgage was afterwards assigned to the First National Bank of Paterson. The bill prays, inter alia, that if an actual partition cannot be made without great prejudice to the owners, then that the lands and premises may be decreed to be sold, including the inchoate rights of dower of the wives of Stamm and Chiefitz, and that after paying the costs of suit, the remainder of the proceeds be divided between the complainant and several parties interested therein, and that the portion of the moneys arising from the sale of the share or interests of any party interested in the property against whom there are existing liens or encumbrances held by any creditor, who is a party defendant, be brought into court by the master, to the end that the court may make such order touching the same as the circumstances may require; that an account may be taken of the rents, issues and profits of the premises collected by the defendant Julius Chiefitz, and that the same may be deducted from his share, c. The reference to encumbrances comprehends liens upon undivided shares only and not those which covers the premises in their entirety.
The defendants are Stamm and wife, Chiefitz and wife, and the First National Bank of Paterson, now the holder of the mortgage. The bank has answered, setting up that it is the holder of the mortgage, and claiming a first lien upon the interest of both Stamm (for whom the complainant is trustee in bankruptcy) and Chiefits in the mortgaged premises, and averring that any interest which the trustee and Chiefitz may have in the premises is subject to the lien of its mortgage. The defendants Julius Chiefitz and wife have also answered, setting up that the lands and premises sought *Page 37 
to be partitioned can, without prejudice to the interest of the respecttive owners, be divided among them, and to that end they pray that actual partition may be made.
Why the First National Bank of Paterson, mortgagee, was made a defendant, I am at loss to understand. The mortgage is not upon an undivided interest of any defendant, but is a lien upon the whole premises sought to be partitioned. It is only where a lien exists upon an undivided interest that the lienor may be made defendant in a partition suit. Van Houten v. Stevenson,69 N.J. Eq. 626; affirmed, Ibid. 835; Schenck v. Yard,86 Atl. Rep. 81. The Partition act (Comp. Stat. p. 3913 § 58) provides that if there are any existing liens or encumbrances upon the estate, share or interest of any party named in the proceedings, the court shall, if it order a sale, direct the master to bring into court the portion of the moneys arising from the sale of the interest of such party to which it shall be liable. This clearly implies that the court shall have the power to direct the premises to be sold free from encumbrances upon the undivided share of a party and this is the basis of decrees constantly made for that purpose, but there is no authority to order property sold in partition free from the lien of an encumbrance upon the whole premises. Therefore, the bank is not involved in these proceedings and must be ignored in the decree.
Counsel for the complainant moved for an order of reference to a special master, and counsel for defendants objected, citingFisk v. Grosvenor, 20 Atl. Rep. 261; but they now consent. That case decided that on a dispute between the parties as to whether an actual partition, or sale in lieu thereof, should be made, an issue was raised triable before the court, and which should not be referred to a master to report on. That decision was based upon Waln v. Meirs, 27 N.J. Eq. 77, which, interalia, decided the same thing; but Waln v. Meirs was decided in 1876 by Chancellor Runyon, who, in 1879, promulgated the present rule 192, which provides that whenever in a suit for foreclosure or partition the answer or answers shall not appear to set up any defense or to present any question except such as, in the opinion of the court, may *Page 38 
properly be referred to a master, the cause may be so referred. It appears that Vice-Chancellor Bird decided Fisk v.Grosvenor without giving effect to rule 192, which had previously been adopted. Besides, Waln v. Meirs is in conflict with the doctrine of Delaware Bay, c., Co. v.Markley, 45 N.J. Eq. 139 (which, however, was later decided), wherein the court of errors and appeals held that the chancellor may refer matters pending in a court to a vice-chancellor or toa master for hearing and an advisory opinion. See the remarks of Chief-Justice Beasley at the top of page 148. That the chancellor may refer any matter pending in the court to a master is abundantly established. See In re Thompson, 85 N.J. Eq. 221 (atpp. 251, 258 et seq.). Fisk v. Grosvenor must, in the circumstances, be overruled.
The question of actual partition or sale in lieu thereof is put in issue by the pleadings in this cause, and this, as we have seen, may be referred to a master. The question of partition or sale and of accounting in partition suits, like the ascertaining of the amount due upon encumbrances and their priority in foreclosure suits, are matters which may with propriety be referred to masters to report thereon and advise the court. And this in virtue of the power inhering in the chancellor irrespective of rule 192.
There will be an order of reference to a special master.