METROPOLITAN LIFE INSURANCE COMPANY, complainant-appellant,

*v.*

MAGDALENA LODZINSKI et al., defendants-respondents.

———

METROPOLITAN LIFE INSURANCE COMPANY, complainant-respondent,

*v.*

MAGDALENA LODZINSKI, administratrix of the estate of Bronislaw Lodzinski, et al., defendants-appellants.

[Decided September 22d, 1937.]

*Messrs. McCarter & English (Mr. Conover English),* for Metropolitan Life Insurance Company.

*Mr. Nathan Reibel,* for Magdalena Lodzinski.

The opinion of the court was delivered by

BODINE, J.

The Metropolitan Life Insurance Company on February 21st, 1935, filed a bill of complaint in the court of chancery seeking to cancel, because of the insured's fraud, the procurement of two certain policies on the life of Bertha T. Lodzinski, now deceased. One of the policies was issued February

21st, 1933, and the learned vice-chancellor, relying upon the case of *Travelers Insurance Co.* v. *Leonard, 120 N. J. Eq. 6,* concluded that the suit upon this policy was not begun within the limits of the incontestability clause. That clause is as follows: "This policy shall be incontestable after it has been in force for a period of two years from its date of issue, except for non-payment of premiums."

"In New Jersey from early time the rule seems to have been to exclude the day of the *terminus a quo* whether that terminus was a day or an event." *McCulloch* v. *Hopper, 47 N. J. Law 189.* The calculation of the time for filing pleadings and the payment of bonds and notes has been consistently in accordance with this rule. See *National Bank of Rahway* v. *Carpenter, 52 N. J. Law 165; Stroud* v. *Consumers' Water Co., 56 N. J. Law 422; Serrell* v. *Rothstein, 49 N. J. Eq. 385; McCormick* v. *Hickey, 56 N. J. Eq. 848.*

Since the policy was applied for, issued and delivered in this state, where the applicant resided and where she remained until her death, the law of this state governed the construction thereof. *John Hancock Mutual Life Insurance Co.* v. *Yates, 299 U. S. 178; 57 Sup. Ct. Rep. 129.*

In the case of the *Travelers Insurance Co.* v. *Leonard, supra,* the general rule for calculating the running of time was rejected in construing a somewhat similar incontestable clause in an insurance policy. It was thought that the word "from" in such contracts denotes the commencement of a period of time and was intended to be used as a word of exclusion. Therefore, following the rule of construing contracts of insurance most strongly against the insurer the word "from" was construed as a word of exclusion. We think following that rule in this case was error, since in computing time the method generally adopted and followed for years in our courts has become a rule of law. Hence, the two-year period of incontestability did not expire until midnight of the 21st of February, 1935. The supreme court of the United States seems to be in accord with this view.

"The determination of the case depends upon the meaning of a clause in the policy as follows: 'Incontestability. This

policy shall be incontestable, except for non-payment of premiums, provided two years shall have elapsed from its date of issue.' The trial court held that the words 'its date of issue' were to be construed as referring to the date upon the face of the policy, viz., August 23d, 1915; and that was also the view of the court of appeals. The first action taken by the insurance company to avail itself of the misrepresentation of the insured was on the 24th day of August, 1917, *one day beyond the period of two years after the conventional date* of the policy." *Mutual Life Insurance Co.* v. *Hurni Packing Co., 263 U. S. 167, 174.*

It appears that the solicitor for the complainant caused the bill of complaint to be mailed to the office of the clerk in chancery on the 19th day of February. It, however, was not stamped "filed" until February 21st, 1935. The ancient practice was to mark the filing date of bills as of the day they were placed in the mail.

Chancellor Walker in *Schenck* v. *Yard, 86 Atl. Rep. 81,* disapproved this practice. The propriety of the earlier rule, since a solicitor may issue process (Chancery act, *P. L. 1902 p. 510 § 3*) is apparent. Process cannot issue until the bill is filed. However, in the determination of this case, it is not necessary to regard the bill as filed before the stamped date. Besides, there is no proof of an actual earlier filing. However, the bill was filed and the subpœna issued within the two-year period of contestability, and although the subpœna was issued before the precise filing date of the bill this was a technical irregularity, which was waived by the appearance. *Crowell* v. *Botsford, 16 N. J. Eq. 458; Berenbroick* v. *Hofstetter, 93 N. J. Eq. 542.*

We, therefore, conclude that there was error in the dismissal of so much of the bill as sought the cancellation of the policy of February 21st, 1933.

The beneficiary under the policy actually issued December 24th, 1934, in substitution for the policy of February 20th, 1928, appeals from the decision of the vice-chancellor cancelling the same because of his finding that it was procured by fraud. At the time when this policy was issued the old

policy was canceled and after deducting from the cash surrender value a sum equivalent to the total premiums, which would have been paid under the terms of the new policy from the date of the old policy down to the time of surrender, the balance was paid to the insured or to the beneficiary.

The new policy applied for December 8th, 1934, as noted was issued as of February 20th, 1928, and contained the following incontestability clause: "This policy shall be incontestable after it has been in force, during the lifetime of the Insured, for a period of two years from the date of its issue, except for non-payment of premiums *fraud or mis-statement of age.*"

The learned vice-chancellor quite properly found that the policy was procured by actual fraud, and that such fraud could be proved because expressly outside the contestable limitation.

It is contended in the cross-appeal that the application for the new insurance was not admissible in evidence, since it was not annexed to the policy or incorporated or referred to in it as required by *P. L. 1925 p. 436.* This point was well taken in the court below. *Prudential Insurance Co.* v. *Connallon, 106 N. J. Eq. 251.* But a contract of insurance procured by actual fraud may be set aside in equity when fraud in the procurement is, as here, excluded from the limitation as to contest.

"Every fact which is untruly stated or wrongfully suppressed must be regarded as material, if the knowledge or ignorance of it would naturally and reasonably influence the judgment of the underwriter in making the contract at all, or in estimating the degree or character of the risk, or in fixing the rate of premium." *Kerpchak* v. *John Hancock Mutual Life Insurance Co., 97 N. J. Law 196, 198.*

In this case, the insured knew when she applied for the insurance that she was in the last stages of tuberculosis, and she also must have known that if she revealed this fact to the insurance company no policy would be issued. She procured a larger policy for a smaller premium with full knowledge that she had but a short time to live. It is inconceiv-

able that under the circumstances of this case the insurance carrier should not be relieved.

The proof of insured's written statements did not offend against the provisions of section 4 of the Evidence act. *2 Comp. Stat. p. 2218. Rogers* v. *McKenna, 96 N. J. Eq. 386; Benvenute* v. *Voorhees, 7 N. J. Mis. R. 580; 146 Atl. Rep. 677; Bruen* v. *Spannhake, 118 N. J. Eq. 134.*

The other points made by the cross-appellants possess no merit and, if they did, have been fully answered in the extensive opinion of the learned vice-chancellor.

The decree below will be reversed as to the first cause of action and affirmed as to the second.

First cause of action—

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 13.

Second cause of action—

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 13.

*For reversal*—None.