## Agnes B. O'Rourke, Appellant, v. The Prudential Insurance Company of America, Appellee.

### Gen. No. 39,733.

Opinion filed February 28, 1938. Rehearing denied March 14, 1938.

FOLLANSBEE, SHOREY & SCHUPP, of Chicago, for appellant; JOHN E. GAVIN and LOUIS W. BECKER, JR., both of Chicago, of counsel.

Hoyne, O'Connor & Rubinkam, of Chicago, for appellee; Nathaniel Rubinkam and William S. Allen, of Chicago, of counsel.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

Plaintiff, the beneficiary named in a life insurance policy issued by defendant on the life of her husband, brought suit to recover $650 which she claimed under the terms of the policy for instalments due up to the time of the beginning of the suit. The case was tried before the court without a jury, there was a finding and judgment in defendant's favor and plaintiff appeals.

The policy is dated March 29, 1924. William J. O'Rourke, plaintiff's husband, was the insured. It provided that "upon receipt of due proof of the death of the Insured within ten years from the date of this Policy, while it is in force," $5,000 would be paid to the beneficiary, Mrs. O'Rourke, the plaintiff. There was a further provision that in case the insured was totally and permanently disabled while the policy was in effect, the defendant would pay to him certain benefits in instalments, and that if any of such instalments remained unpaid at the death of the insured they would be paid to the beneficiary.

March 29, 1934, while the insured was temporarily insane he slashed his wrists and throat with a razor, as a result of which he died two days later. Counsel for both sides agree in this court that the question of liability depends upon whether the policy was in force on March 29, 1934, when the insured was totally and permanently disabled. Plaintiff's position as stated by her counsel is: "We take the position that the policy properly construed was not in effect on March 29, 1924, and that construed in terms most favorable to the company its terms commenced on March 30, 1924, and that March 29, 1934, was within" the ten-year period covered by the policy; while on the other side the position

of counsel for defendant is that, ''The date of the policy, March 29, 1924, is the date of the beginning of the term,'' and therefore the ten-year period expired on March 28, 1934, and was not in effect when the insured became permanently disabled on March 29th. Defendant's counsel further say: ''If death occurs on the date of the policy, the company is liable and it follows under counsel's contention that in order to hold the company liable in this case, the term would have to be ten years and one day.'' We are unable to agree with the contention of plaintiff's counsel, and are of opinion that the policy was in force and effect on March 29, 1924, the date it bears. We think it clear that if the insured had died or was disabled on March 29, 1924, the company would be liable.

We are also of opinion that the questions whether the term would be ten years and one day, under the hypothesis of defendant's counsel, or whether the term would be less than ten years under one of the contentions advanced by counsel for plaintiff, are beside the point and wholly immaterial.

In *New York Life Ins. Co. v. Bullock,* 26 Fed. (2d) 666, the Circuit Court of Appeals had before it the question of the meaning of the clause, ''This policy shall be incontestable after two years from its date of issue,'' etc., and said, ''It would be useless to try to reconcile or to distinguish the many conflicting cases'' on that question. We agree with that statement and therefore shall not attempt to analyze or discuss the many cases cited by counsel.

The question for decision is the meaning of the policy. The date of the policy is March 29, 1924. It provides that if the insured, William J. O'Rourke, became totally and permanently disabled while the policy was in effect ''within ten years from the date of this Policy,'' defendant would pay certain benefits. So that the question for decision turns upon the meaning of

the words, ''within ten years from the date of this Policy.'' The rules governing the construction of insurance policies are the same as those applicable to other contracts. Contracts of insurance, like other contracts, must be construed according to the terms the parties have used. It is only when there is ambiguity in a policy that the law invokes the rule that it should be construed most favorable to the insured and against the insurance company. *Jabara v. Equitable Life Assur. Soc.*, 280 Ill. App. 147.

We think it clear that the language in the policy in the instant case is ambiguous, as demonstrated by the contrariety of the opinions of the courts where language in the policies involved is almost identical with the language in the policy before us. And under the rule of law we must construe the policy in terms most favorable to the insured and against the company.

It has often been held that the proper method of computing time where an act is to be performed within a particular period from a specified day, is to exclude the day named and to include the day on which the act is to be done. *Dierssen v. Williamsburg C. Fire Ins. Co.*, 204 Ill. App. 240; *Caraher v. First Guardian Co.*, 268 Ill. App. 389; *Price v. Illinois Bell Tel. Co.*, 269 Ill. App. 581; *New York Life Ins. Co. v. Bullock,* 26 Fed. (2d) 666; *Metropolitan Life Ins. Co. v. Lodzinski,* 194 Atl. 79 (N. J.).

In the *Dierssen* case the fire insurance policy provided that in case of fire proof of loss should be filed ''within sixty days from the time of the fire.'' In construing that language we said (pp. 242–243) : ''It has long been firmly established in this State that the proper mode of computing time when an act is to be performed within a particular period from or after a specified day is to exclude the day named and include the day on which the act is to be done. *Ewing v. Bailey,* 5 Ill. (4 Scam.) 420; *Protection Life Ins. Co. v. Palmer,* 81 Ill. 88; *Pugh v. Reat,* 107 Ill. 440; *United States Mut.*

*Acc. Assoc. v. Mueller,* 151 Ill. 254; *Colonial Mut. Fire Ins. Co. of Philadelphia v. Ellinger,* 112 Ill. 302; *Cummins v. Holmes,* 11 Ill. App. 158.''

In the *Caraher* case (268 Ill. App. 389) the court had occasion to construe certain sections of the Negotiable Instruments Act where it is said (p. 394) : '' 'In computing time "from" a day, the rule is to exclude that day.' (Anderson's Dictionary of Law, p. 481.) 'From' is a term of exclusion unless by necessary implication it is manifestly used in a different sense. (*Bradley v. Rice,* 13 Me. 198, 201.) An officer commissioned to hold office during the term of four years *from* the 2d day of March, 1845, is in office *on* the 2d day of March, 1849. The word 'from' excludes the day of date. (*Best v. Polk,* 18 Wall. 112, 119.) In *Lewy v. Wilkinson,* 135 La. 105, 64 So. 1003, the court held that a note dated December 31, payable in one year, matures on December 31 of the following year.''

In the *Price* case (269 Ill. App. 581) we held that an action to recover for injuries sustained in an automobile accident was commenced within the two-year limitation period when commenced on the same day of the month as the date of the accident two years later, the day of the accident being excluded in computing the time which had elapsed. In that case we distinguished the case of *Irving v. Irving,* 209 Ill. App. 318, relied upon by defendant in the instant case. We there said (p. 588) : '' 'The tendency of recent decisions is very strongly toward the adoption of a general rule which excludes the day as the *terminus a quo* in such cases. And in some jurisdictions it is so provided by statute.' 37 C. J. 1054.''

In the *Bullock* case (26 Fed. (2d) 667) the Circuit Court of Appeals was called upon to construe the following language in a life insurance policy: ''This policy shall be incontestable after two years from its

date.'' The policy was dated June 3, 1924, and the insurance company brought suit to cancel the policy on June 3, 1926. It was held the suit was brought within apt time. The court said, ''The word 'from' excludes the day of date. *Best v. Polk,* 18 Wall. 112, . . . *Dutcher v. Wright,* 94 U. S. 553.''

In the *Lodzinski* case (194 Atl. 79) the court construed a clause of a life insurance policy. The clause was: ''This policy shall be incontestable after it has been in force for a period of two years from its date of issue.'' The policy was dated February 21, 1933, and the bill to cancel the policy was filed February 21, 1935. It was held the bill was filed within apt time. The court there said (p. 80) : ''the two-year period of incontestability did not expire until midnight of the 21st of February, 1935. The Supreme Court of the United States seems to be in accord with this view.

'' 'The determination of the case depends upon the meaning of a clause in the policy as follows: ''Incontestability.—This policy shall be incontestable, except for non-payment of premiums, provided two years shall have elapsed from its date of issue.'' ' 'The trial court held that the words ''its date of issue'' were to be construed as referring to the date upon the face of the policy, viz. August 23, 1915.' '' Citing *Mutual Life Ins. Co. of N. Y. v. Hurni Packing Co.,* 263 U. S. 167.

In the *Hurni* case where a life insurance policy declared that it would be incontestable except for non-payment of premiums provided two years should have elapsed ''from its date of issue,'' it was held that the date intended was the one specified in the policy although it was earlier than the date of the execution and delivery. The court there said (pp. 174–175) : ''The rule is settled that in case of ambiguity that construction of the policy will be adopted which is most favorable to the insured. The language employed is that of the company and it is consistent with both reason

and justice that any fair doubt as to the meaning of its own words should be resolved against it. . . .

"Here the words, referring to the written policy, are 'from its date of issue.' While the question, it must be conceded, is not certainly free from reasonable doubt, yet, having in mind the rule first above stated, that in such case the doubt must be resolved in the way most favorable to the insured, we conclude that the words refer not to the time of actual execution of the policy or the time of its delivery, but to the date of issue as specified in the policy itself."

Following the authorities above referred to, we hold that the policy in question was in force on March 29, 1934. And since the insured was totally and permanently disabled on that date, plaintiff can recover. Defendant having denied liability on the ground that the policy was not in effect March 29, 1934, proof of disability was waived. The law never requires the doing of a useless act.

The judgment of the municipal court of Chicago is reversed and the cause is remanded with directions to enter judgment in favor of the plaintiff, in accordance with what we have said in this opinion.

*Reversed and remanded with directions.*

McSURELY and MATCHETT, JJ., concur.