MARION R. OWEN ET AL., PROSECUTORS, v. CITY OF
ATLANTIC CITY, RESPONDENT.

Argued May 8, 1940—Decided July 13, 1940.

Before Justices CASE, DONGES and HEHER.

For the applicant, *Thomas B. Hall.*

For the respondent, *Smathers, Scott & Munyan* (*Thomas H. Munyan*).

The opinion of the court was delivered by

CASE, J. On March 3d, 1931, a property, described as lands, was sold for arrears in taxes to the city of Atlantic City. On November 25th, 1938, the city filed its bill in the

Court of Chancery, pursuant to the provisions of the statute, *R. S.* 54:5-85, to foreclose the right of redemption under the twenty-five outstanding certificates of tax sale which related to the property, a tract of meadow land known as Owen Park. Marion R. Owen and others, defendants, filed their answer on March 18th, 1939, denying the validity of the assessments, the taxes and the tax sale proceedings. Thereupon, under *R. S.* 54:5-101, the proceedings were automatically stayed for a period of four months from that date so that the answering defendants might apply for a writ of *certiorari* to review the legality of the tax lien and the sale proceedings; with the further provision that if the writ of *certiorari* should be allowed the proceedings in foreclosure should be further stayed until the writ should have been discharged but that if the defendants failed to obtain the writ within that period the Court of Chancery should strike out such part of the answer as denied the validity of the tax or the tax sale proceedings and should proceed as if no such defense had been interposed. *R. S.* 54:5-102. The defendants did not obtain the writ during the designated period, and on October 17th, 1939, the complainant moved in Chancery to strike the answer. Thereupon, on the advice of Vice-Chancellor Sooy, Chancery granted twenty days within which the answering defendants might make their application for the writ, with the observation, however, that if the application was refused within that time an order would be made striking the answer. Application was made to Mr. Justice Porter for the writ on November 13th, 1939. The justice considered the matter and denied the application on February 2d of this year. Thereupon, on February 6th, the city obtained an order from the Court of Chancery striking the answer of the defendants. On May 7th, 1940, more than a year after the filing of the answer, this application was made to the Supreme Court *en banc* for the issuing of a writ upon the ground that the lands, which were the subject of the sales, were under high water mark of tidal waters and were not contiguous upon the ripa.

A further provision of the statute, *R. S.* 54:5-103, is that "No writ of *certiorari* shall be allowed in any case where proceedings shall be instituted in the Court of Chancery to fore-

close the right of redemption of any owner, mortgagee or other person having an interest in the lands, after the time in which to plead shall have expired, or after the expiration of four months from the filing of an answer denying the validity of the tax or other municipal lien for which the lands were sold and certificate issued, or denying the legality of the proceedings to sell the lands or denying the legality of the sale if such answer be filed."

The Chancery proceedings are at a stage where the issuing of a writ of *certiorari* would be contrary to the provisions of the statute. A reasonable statutory limitation upon the time within which *certiorari* may issue is constitutional; and what is a reasonable limitation will be determined upon the facts of each case as they arise. *Red Oaks, Inc.,* v. *Dorez, Inc.,* 117 *N. J. L.* 280. It is unnecessary for us to determine whether the statutory limitation would, under all circumstances, be reasonable. We are of the opinion that the provisions of the statute, in the light of the particular facts and the history of the proceeding, should be applied in bar of a writ in this case.

The application for a writ of *certiorari* is denied, with costs.