The object of the bill in this cause is to accomplish a partition, in accordance with the practice of this court, of certain lands of which one Ralph Tarantola, Sr., died seized, intestate, on May 27th, 1945.
Of the several parties, there is for immediate purposes the need to mention only the defendant Carolina Tarantola, the widow of the decedent, who resides in Italy. The conventional order directing publication and service of notice to that defendant appears to have been entered and its terms fulfilled. In observance of rule 298 a copy of the notice of the institution and pendency of this cause was dispatched to the Italian Consul General in New York City, who thereupon engaged Messrs. Carl 
William Abruzzese, solicitors of this court, to *Page 580 
serve him professionally in representing and protecting in the cause the rights and interests of the defendant, a national of Italy. Within the period specified in the order of publication, his solicitors filed an answer on behalf of the non-resident defendant.
The complainants solicit an order striking the answer and indicate five reasons in support of their application. The point that pre-eminently engages my interest and attention is the insistence of the complainants that since there is no treaty at present between the United States of America and Italy, the Italian consul has no prerogative right or privilege to intervene on behalf of this defendant in the present suit, except by virtue of express and specific authority from her. I conjecture that there may be other cases in which this objection may be asserted; hence, I am induced to express my views.
Of course, it is now the pragmatic rule that the entry of an appearance for a defendant by a solicitor of this court transports with it a presumption, rebuttable in character, that the appearance was entered with due authority. LaFetra v.Beveridge, 124 N.J. Eq. 184; 1 Atl. Rep. 2d 68. Here, the consul general does not profess to have any direct and explicit authorization from the absent defendant. The complainants have received information that the defendant does not desire the consul to interpose in the cause as her representative, but the information is not presentable in the form of competent and acceptable proof. I am given the assurance that if the consul receives a notification from the defendant that she does not require his aid, his solicitors will promptly withdraw from the cause.
It is readily conceivable that there are and may be cases in which the nationals of a foreign consulate having property interests implicated in litigation in this state may be at present unknown, or known to be living and their residences not immediately ascertainable. What, then, is the permissible function of the consul?
Italy has deputed consuls to this country who are now officiating in their respective districts under the exequatur
of our government. Assuredly, the mission of the consul is *Page 581 
to guard and protect the rights and interests of the individuals of his nation. Such a commission cannot be performed diligently and efficaciously if the consul is denied the privilege of asserting or defending the rights of his nationals in our state and federal courts by virtue of his recognized official assignment.
I conclude that in the absence of specific authorization to act as the personal agent of his national, and in the absence of a treaty, a consul duly recognized by our government has under the principles of international law the authority and the privilege to represent his fellow countrymen in the Court of Chancery of our state. Vide, The Bello Corrunes, 6 Wheat. (U.S.) 152;5 L.Ed. 229; Buxhoeveden v. Estonian State Bank, 41 N.Y.S.
2d 752; The Maret, 145 Fed. Rep. 2d 431, 438;Borchard's "Fiore's International Law Codified," ¶ 508; 1Hyde's International Law, § 469; 3 C.J.S. 1026 § 15;16 Am.Jur. 965 § 13.
There is no cogent reason to strike the answer on the other grounds. It does not impugn the alleged right of the co-tenants to a partition. It solely projects the propriety of actual partition or sale in lieu thereof which under present practice is a question referable to a special master for his report and advice. Neale v. Stamm, 100 N.J. Eq. 35; 135 Atl. Rep. 345.
The motion to strike the answer is denied. No other answers having been filed, let the cause be referred to such master and proceed in the usual course. No costs on this motion. *Page 582