The above entitled action was originally brought by the plaintiffs against the defendant through a procedure in lieu of prerogative writs (R.S. 2:80-5 and Superior Court Rule
3:81), to review the "Revised Zoning Ordinance of the Borough of Shrewsbury, New Jersey." The plaintiffs in their suit demanded, (1) that the said ordinance be set aside in its entirety, and (2) that such provisions of said ordinance as *Page 552 
violate the statutes of the State of New Jersey and Constitution of the United States be set aside. The merits of the original cause of action on behalf of the plaintiffs have not been presented to the court for determination. Since the commencement of the suit, the defendant has moved to strike the complaint on the grounds: (1) That the complaint filed to state a claim upon which the relief prayed for could be granted; and (2) that the court lacked jurisdiction over the subject matter of plaintiffs' action for the reason that said action was not commenced within thirty days of the accrual of plaintiffs' right of action as required by R.S. 2:80-7.
At the hearing of the motion, defendant abandoned the first ground above mentioned and the motion is now before the court solely on the second ground. It is agreed between the parties that the ordinance in question was adopted and approved by the Mayor of the municipality on December 7, 1948; that a notice thereof, dated December 8, 1948, was published on December 9, 1948 in a newspaper circulated in the municipality.
Section 22 of the ordinance provides:
"SECTION 22. When Effective.
"This Ordinance shall take effect immediately upon its passage and publication according to law."
The defendant claims that the ordinance went into effect on December 7, 1948, and the plaintiffs' suit was commenced on January 7, 1949.
R.S. 2:80-7 provides as follows:
"No proceedings for review, hearing and relief in lieu of prerogative writs shall be commenced, unless it shall be commenced within thirty days of the accrual of the right to such review, hearing or relief, except as provided in any other law or by Rules of the Supreme Court."
The above act became effective under its terms on September 15, 1948.
The main dispute between the parties is the method of computing the thirty day limitation. It seems that the proper method ordinarily is to exclude the day of the adoption of the ordinance; McCulloch v. Hopper, 47 N.J.L. 187; MetropolitanLife Insurance Company v. Lodzinski, 122 N.J. Eq. 404; *Page 553 
and Travollers Insurance Company of Hartford v. Leonard,120 N.J. Eq. 6.
The defendant contends that the ordinance having been adopted on December 7, 1948, that the first day to be counted in computation of the thirty days is December 8, 1948, and that the expiration of the thirty days would occur on January 6, 1949; and the plaintiffs' suit having been brought on January 7, 1949 was one day beyond the statutory limitation of thirty days. The plaintiffs contend that the thirty day limitation period should be computed from December 9, 1948, the date upon which the ordinance was published, and not December 7, 1948, the day of its adoption.
The ordinance in question is not what is known as a local improvement ordinance, and the plaintiffs rely upon R.S.
40:93-2 and R.S. 40:49-2 as being the statutory law controlling the publication of ordinances; it being contended that those sections provide the procedure by which borough ordinances are to be enacted.
R.S. 40:93-2 provides:
"Except as to ordinances providing for local improvements the requirements as to publication and notice and hearing shall be the same as prescribed by Section 40:49-2 of this title."
R.S. 40:49-2 "d"
"The procedure for the passage of ordinances shall be as follows: * * *
"Publication after passage, d. Upon passage, every ordinance, or the title, together with a notice of the date of passage or approval, or both, shall be published at least once in a newspaper circulating in the municipality, if there be one, and if not, in a newspaper printed in the county and circulating in the municipality. No other notice or procedure with respect to the introduction or passage of any ordinance shall be required."
The defendant contends that notwithstanding R.S. 40:49-2"d", which requires upon the passage of every ordinance,
together with a notice of the passage or approval, or both, shall be published in a newspaper; that such requirement is not necessary as a condition precedent to the ordinance becoming effective and that the State Zoning Ordinance, R.S. 40:55-34 does not require publication after final passage, but *Page 554 
prior to public hearing and final passage. Evidently the purpose of requiring publication before an ordinance is adopted is to afford an opportunity to parties in interest and citizens to be heard on the subject matter. Sterling v. Plainfield, 136N.J.L., p. 38. The statutory requirement of publication after an act is based upon similar grounds; that is to say, that parties in interest shall have notice by publication of the adoption of the ordinance so as to afford an opportunity to have a judicial review, if necessary, of the ordinance and its provisions in part or in whole. The statute requiring publication after enactment is mandatory in form and in some jurisdictions if the publication is not made the ordinance would be declared void. 37 Am. Jur., Sec. 351, p. 765. Even though it should be assumed that the ordinance became effective on the day that it was adopted, it would be subject to defeasance if it were not properly published. Am. Jur., supra.
 R.S. 40:49-1 and 40:49-2 lay down completely and finally the method of adoption of all ordinances in all municipalities of the State, under whatever form of government they may exist.
In Sterling v. Plainfield, supra, it was held:
"The procedure for the passage of municipal ordinances is set forth in R.S. 40:49-2. * * * All municipal ordinances must comply with this procedure, except insofar as this procedure is changed in whole or part by other sections of the Revised Statutes or by statute enacted after the adoption of the Revised Statutes.
"We think the legislative intent would be frustrated if we were to find in a particular enactment any change in the procedure provided in R.S. 40:449-2 for the passage of municipal ordinances which the language of the particular enactment does not clearly require."
A failure to publish ordinances as required by statutory law has been a contributing factor to legal proceedings by those interested in attempting to set aside such ordinances. This is clearly manifested by a validating act, (P.L. 1938, Chapter223, page 518), which provides:
"AN ACT to validate certain ordinances heretofore passed by municipalities.
"Be it enacted by the Senate and General Assembly of the State of New Jersey: *Page 555 
"1. Any ordinance heretofore finally passed by the governing body of any municipality shall be valid, notwithstanding the fact that it was not published in a newspaper which had been entered as second class mail matter under the postal laws and regulations of the United States; provided, that such ordinance was in other respects published as required by law, and that such ordinance was published in a newspaper circulating in such municipality."
See also P.L. 1939, Chapter 372, page 900:
"AN ACT to validate certain ordinances heretofore passed by municipalities.
"Be it enacted by the Senate and General Assembly of the State of New Jersey:
"1. Any ordinance heretofore finally passed by the governing body of any municipality shall be valid, notwithstanding the fact that it was not published in a newspaper which had been published continuously for not less than two years prior to the introduction of such ordinance; provided, that such ordinance was in other respects published as required by law, and that such ordinance was published in a newspaper published and circulating in such municipality."
The construction of the statutory limitation should be reasonable and determined upon the facts in the case. Owen v.Atlantic City, 125 N.J.L. 145; The Hudson Bus etc. v. Boardof Public Utility Commissioners, 131 N.J.L. 576.
In the case under consideration, in making a determination it should be borne in mind that section 22 of the ordinance provides for the adoption as well as the publication of the ordinance before it becomes effective. R.S. 40:49-2 also requires publication after adoption. A proper and reasonable interpretation of the statutes, pertinent to the issue, requires a consideration of the rights of a citizen who may be affected by the ordinance to have available a published notice of the adoption thereof. Upon the facts and law involved the court determines that the plaintiffs' case was brought within time. The motion to strike the complaint is denied. *Page 556