99 N.J. Super. 436 (1968)
240 A.2d 192
MARY-ANNA MASNICK, ALVIN J. GOREN, ROGER H. HIGGONS AND RUTH MANOS, PLAINTIFFS,
v.
MAYOR AND COUNCIL OF THE TOWNSHIP OF CEDAR GROVE, A MUNICIPAL CORPORATION OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 23, 1968.
*437 Mr. Steven Geffner for plaintiffs.
Mr. Joseph A. DeStefano for defendants.
SCHAPIRA, J.C.C. (temporarily assigned).
This is an action in lieu of prerogative writs challenging the validity of an ordinance passed by the Township Council of Cedar Grove on January 9, 1967.
The ordinance, introduced on December 19, 1966 at a regular meeting by the council, proposed to amend and supplement the existing zoning ordinance to permit construction of office buildings in the R-15 one-family residential zone, and to change a tract of land (marked "1" on the annexed Exhibit A) from an R-22 zone to the new R-15 zone. R-22 is the most restrictive of residential zones, requiring homes to be built on plots of at least one-half acre in area. The ordinance, in effect, not only reduces the residential construction requirements but would permit construction of office buildings on the tract.
*438 
On December 29, 1966 a copy of the proposed ordinance and notice of final adoption by the municipality were published in the Verona-Cedar Grove Times as it appears on the annexed exhibit, which purports to notify the public of a pending ordinance modifying all R-15 zones in the municipality to permit office building construction. Section 4 *439 of the ordinance states, "The zoning map is hereby amended as shown on the map attached to and made a part of this present amendatory ordinance."
The published map depicts only the area on Ridge Road between Bradford Avenue and Pompton Avenue and shows cross-hatching to represent the then R-15 zone on Ridge Road  which includes 56 one-family residences and a small vacant lot fronting on Ridge Road and owned by the township (marked "2" by the court on the annexed exhibit). Adjacent to township lot "2" the map shows R-15 cross-hatching on the large, township-owned tract (marked "1") which was then in the R-22 zone. The combined size of the two vacant, city-owned parcels which were to be affected by the changes contemplated by the ordinances is 27 acres.
After a hearing on January 3, 1967 the township planning board recommended passage of the ordinance, and on January 9, 1967 the mayor and council adopted the ordinance.
The township published the proposed ordinance and map in the Verona-Cedar Grove Times in accordance with N.J.S.A. 40:49-2, and it remains to be determined whether the publication was sufficient, complete and clear enough so as adequately to inform the citizens of Cedar Grove of the two proposed changes contemplated by the ordinance: (a) to permit a construction of office buildings in all R-15 zones in the municipality, and (b) to change the city-owned property then in zone R-22 to zone R-15.
The purpose for requiring publication prior to adoption is "to afford an opportunity to parties in interest and citizens to be heard on the subject matter." Bruno v. Shrewsbury, 2 N.J. Super. 550, 554 (Law Div. 1949).
"Notice [under such a publication statute] is futile unless a property owner is able to determine from such notice that his property is or is not affected. * * * [T]he procedure prescribed by the legislature is strictly construed and must be rigidly followed." Board of County Commissioners of Sarpy County v. McNally, 168 Neb. 23, 95 N.W.2d 153, 160 (Neb. Sup. Ct. 1959).
*440 The Connecticut Supreme Court of Errors was confronted with a similar regulation in Hutchison v. Board of Zoning Appeals, 138 Conn. 247, 83 A.2d 201 (1951). There, after publishing notice that a property was to be changed to a light industrial zone, the town board subsequently changed the property to partially a light industrial zone and partially a business zone. The court held that the notice had not complied with the publication provisions and that the change in zone boundaries had not been valid. It said:
"The underlying purpose of such requirements is `not to permit changes * * * [in zoning regulations] except after such full notice as shall enable all those interested to know what is projected and to have opportunity to protest, and as shall insure fair presentation and consideration of all aspects of the proposed modification.' * * * No notice was given and no hearing was had in the instant case as to a change from a residence to a business zone. The only notice and hearing relating to a petition for a change to a light industrial zone." (83 A 2d, at p. 203)
In this court's opinion, the published ordinance and map were vague, confusing and incomplete in two respects: (1) the title and the ordinance itself make no mention whatsoever of a change of an R-22 zone, nor does the attached map give any indication that the portion of R-22 land cross-hatched as R-15 had previously been zoned R-22, and (2) the published map shows only the area off Ridge Road, which could lead one to believe that the ordinance was designed to permit office buildings on the R-15 land in that area alone, rather than on all R-15 land throughout the township. The published notice fails to give interested readers throughout the township (all of whom are entitled to notice) an opportunity to appreciate fully or coherently what is projected, and therefore fails to give an opportunity for an adequate hearing.
If we assume that the map is part of the ordinance for the purpose of publication, then the notice that the town zoning map is to be amended as shown on the published map is inadequate because it implies that only the R-15 property *441 shown thereon is to be fair game for office building. Alternatively, if we assume that the map is not part of the ordinance for purposes of publication, then there is not even a hint to the most wary and knowledgeable reader that an R-22 zone is in any way involved.
The court's conclusions are reinforced by testimony given on depositions by the objectors, that they did not comprehend the nature of the changes proposed from their reading of the notice; by testimony that the agendas prepared for the benefit of the public at each of the meetings on the amendment did not refer to the R-22 change, and by testimony of former Mayor Gilfillan that the final notice of the ordinance's passage did not refer to such change and that not one of the objectors at the public meetings addressed his remarks to the R-22 change  an omission which would have been unlikely had they received adequate and informed notice.
Accordingly, the amendment to the Cedar Grove ordinance adopted on January 9, 1967 is adjudged invalid and is set aside.