JOHN D. BESSLER, Plaintiff-Appellee, *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Defendant-Appellant.

Third District    No. 81-15

Opinion filed August 18, 1981.

Timothy L. Bertschy, of Heyl, Royster, Voelker & Allen, of Peoria, for appellant.

John A. Slevin, of Vonachen, Cation, Lawless, Trager & Slevin, of Peoria, for appellee.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

This litigation was commenced with the filing of a complaint for declaratory judgment in the Circuit Court of Peoria County. The relief sought in the complaint by the plaintiff, John D. Bessler, was an adjudication of his rights under a certain group insurance policy written by the defendant, John Hancock Mutual Life Insurance Company. After a hearing on cross-motions for summary judgment, the circuit court determined that the plaintiff was eligible for insurance coverage under the terms of the disputed policy. John Hancock believes that determination was in error.

For some time prior to June 15, 1978, the plaintiff was employed by Little Giant Products, Inc. Indeed, the plaintiff was in that employ on

October 19, 1976, when he became totally and permanently disabled as a result of an industrial accident. He was subsequently awarded a pension for his disability by the Illinois Industrial Commission in accordance with the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 *et seq.*). Then, on the date first mentioned, June 15, 1978, the plaintiff was terminated as an employee of Little Giant.

Employees of Little Giant received as a benefit of their employment insurance coverage under a group health insurance policy issued by the defendant. Also receiving health insurance benefits under the same policy were dependents of Little Giant employees. After his termination but still believing his insurance coverage to be in full force and effect, the plaintiff submitted bills for medical expenses incurred by himself in an incident not related to the industrial accident and also bills for medical expenses incurred by his wife, one of his dependents. According to the complaint filed in the circuit court, John Hancock failed to pay the bills submitted and claimed that no coverage existed under the policy. The plaintiff Bessler sought to have the court declare that he and his dependents continue to be eligible for coverage under the group policy.

In its answer, John Hancock alleged that coverage under the group policy ceased when the plaintiff's employment was terminated. The defendant directed the court's attention to the following language on page I-GP of the insurance certificate:

"The insurance of an employee under all coverages for which he is insured shall be discontinued on the earliest of the following dates: (1) the date of termination of his employment (see paragraph below); * * *

Employment for insurance purposes terminates on the date the employee ceases active work with his Participating Employer, except that, in the circumstances specified below, employment shall be deemed to continue for insurance purposes, for the coverages specified, until the earlier of (a) the expiration of the period specified below, or

(b) the date the employee's Participating Employer, acting in accordance with rules which preclude individual selection, terminates the employee's employment for insurance purposes, by written notice to the employee, or by written notice to the Insurer, or by any other means.

| While Employee is Absent from Work Due to | Employment May be Deemed to Continue for this Period |
|---|---|
| (i) Sickness or Injury For these Coverages All coverages." | Indefinite |

Elsewhere in the certificate there is found a provision for terminating dependent coverage:

> "The insurance of a dependent under all coverages for which he is insured shall be discontinued on the earliest of the following dates: (1) the date of discontinuance of the employee's insurance under all coverages for which he is insured * * *."

John Hancock argued that since the plaintiff's employment was terminated on June 15, 1978, then all coverages under the group insurance plan were discontinued as of that same date.

The plaintiff responded to the insurer's answer with a motion for summary judgment wherein another provision from the insurance certificate was cited. That provision, found on page 1(b)-GP, allows that:

> "If an employee, while insured under the Policy, becomes totally disabled he shall continue to be eligible for Accident and Health Insurance coverages providing reimbursement of expenses for medical services and supplies, and his insured dependents, if any, may continue to be insured for such coverages, during the continuation of such total disability (as defined below) until the earlier of the following dates:
>
> (1) As to each dependent, the date on which he ceases to be a "dependent" as defined herein;
>
> (2) As to the employee and all dependents, with respect to insurance under a particular coverage, the date of termination of that coverage;
>
> (3) As to the employee and all dependents, with respect to insurance under all coverages, the expiration of the last period for which any required premium contribution was paid to the employee's Employer;
>
> (4) As to the employee and all dependents, with respect to all such insurance, the date of termination of the Policy."

Plaintiff countered the John Hancock analysis with the assertion that none of the four enumerated conditions for termination of coverage during disability had occurred. That being the case, plaintiff urged that he and his dependents continued to be insured. The defendant opposed the motion for summary judgment filed by the plaintiff and proposed a judgment in its favor with a cross-motion. After considering both positions, the circuit court entered a judgment for the plaintiff, concluding that none of the conditions which would terminate insurance during a period disability had occurred. As we stated at the outset, John Hancock believes that conclusion was in error.

■■ In its brief on appeal, the insurer asserts that two issues of fact exist between the parties so as to preclude the decision of this matter by summary judgment. First, it is asserted that no proof has been presented that

the plaintiff Bessler remained totally disabled. Secondly, it is alleged that an issue exists as to whether employee contribution requirements existed and as to whether the claimant satisfied such requirements. Nevertheless, in its verified answer, John Hancock declared that insurance was denied to Bessler because the termination of his employment resulted in a termination of benefits. While the plaintiff's recovery from his disabled condition or his failure to make employee contributions might be valid grounds for denying benefits under the insurance policy, a ground for denial is waived unless specifically stated and relied on. (*Tarzian v. West Bend Mutual Fire Insurance Co.* (1966), 74 Ill. App. 2d 314, 221 N.E.2d 293; *Di Leo v. United States Fidelity & Guaranty Co.* (1964), 50 Ill. App. 2d 183, 200 N.E.2d 405; *Coulter v. American Employers' Insurance Co.* (1948), 333 Ill. App. 631, 78 N.E.2d 131; *O'Rourke v. Prudential Insurance Co. of America* (1938), 294 Ill. App. 30, 13 N.E.2d 287.) Consistent with these authorities, we hold that the defendant must confine its defense to the ground for denial of benefits set forth in its sworn answer.

The more perplexing issue raised on this appeal is whether any condition has occurred which would terminate insurance during a period of disability. Our attention is directed to subparagraph 2 on page I(b)-GP of the certificate of insurance which terminates accident and health insurance coverage during a period of disability on "the date of termination of that coverage." The circularity of subparagraph 2 has not escaped the notice of this court and spawns the differing positions taken by the parties to this appeal.

John Hancock would have us terminate insurance coverage during a period of disability on the occasion when coverage would normally terminate, such occasions being set forth on page I-GP. We believe such a construction would render meaningless the contract provisions which purport to offer an extension of insurance coverage during such periods. An alternative construction would read subparagraph 2 as continuing a particular coverage to a disabled worker so long as that coverage was not deleted from the master policy for other employees. This second construction more closely serves the aim of continuing health and accident insurance for disabled employees.

■■■ While the language of the insurance certificate does not unequivocally favor one or another of the interpretations offered, it does unequivocally lead to the conclusion that this contract is not a model of clarity. Where ambiguity exists in an insurance contract, that ambiguity will be construed against the insurance company. (*Dora Township v. Indiana Insurance Co.* (1980), 78 Ill. 2d 376, 400 N.E.2d 921; *Allstate Insurance Co. v. Elkins* (1979), 77 Ill. 2d 384, 396 N.E.2d 528; *Kirk v. Financial Security Life Insurance Co.* (1978), 75 Ill. 2d 367, 389 N.E.2d 144.) Following this well-established rule, we believe the plaintiff's health

and accident coverage should continue so long as he remains disabled, and so long as that coverage is offered to other employees under the group policy. Should these conditions change, coverage should end. Of course, the occurrence of the other events enumerated on page 1(b)-GP at subparagraphs 1, 3 and 4 would also cause plaintiff's coverage to be discontinued.

As we understand the circuit court's order, it is consistent with these views, and because these views are consistent with the law of this State as embodied in the authorities hereinbefore set forth, the judgment of the lower court is affirmed.

Affirmed.

ALLOY and HEIPLE, JJ., concur.